■ In the Matter of the Claim of RAY CARNEY, Respondent, v NEWBURGH PARK MOTORS, Respondent, and STATE INSURANCE FUND, Appellant. GLENS FALLS INSURANCE Co., Respondent. WORKERS' COMPENSATION BOARD, Respon-

dent. — Appeal from a decision of the Workers' Compensation Board, filed August 11, 1980, which held the State Insurance Fund liable as sole carrier. Claimant filed a claim for compensation on February 11, 1974, premised on an occupational disease of the lungs. He claimed that emphysema was triggered by the dust and fumes present in the area where he worked. His disability, though controverted by the State Insurance Fund, was established as of February 22, 1972; benefits were paid, and the case closed. On July 1, 1977, the case was reopened upon application of the State Insurance Fund, which contended that the Glens Falls Insurance Co. was the proper carrier and urged that the fund's acceptance of liability was due solely to a clerical error. The board determined that the fund's claim of noncoverage was barred by the doctrines of laches and estoppel, and held the fund liable as sole carrier. This appeal ensued. Essentially, the fund asserts that laches and estoppel may not be imputed to it as a State agency in the absence of specific statutory authority (see *Matter of Levey [Catherwood]*, 33 AD2d 1066; *Matter of Jamestown Lodge 1681 Loyal Order of Moose [Catherwood]*, 31 AD2d 981). While laches cannot generally be imputed to the sovereignty, the defense is available in cases where the government acts in its private or proprietary capacity (36 NY Jur, Limitations and Laches, § 155). A similar rule applies with respect to estoppel against a governmental body (21 NY Jur, Estoppel, Ratification, and Waiver, §§ 76, 77; see *Matter of Di Giacomo v City of New York*, 58 AD2d 347, 355, n 4). While the State Insurance Fund is an agency of the State, its function is akin to that of a private insurance carrier and, especially in matters of litigation, it is considered to be an entity separate from the State itself *(Commissioners of State Ins. Fund v Low*, 285 App Div 525, affd 3 NY2d 590). It follows that in a proper case, laches and estoppel may be imputed to the fund. Here, the fund's failure to raise the issue of noncoverage prejudiced and precluded respondent Glens Falls Insurance Co. from asserting two potential bases for securing its interests through assertion of a third-party claim under subdivision 2 of section 29 of the Workers' Compensation Law and a claim for reimbursement against the Special Disability Fund under subdivision 8 of section 15 of the statute. The fund's delay in raising the coverage issue effectively precluded respondent's remedies and is a basis for application of the doctrine of laches. The board's decision, supported by substantial evidence, is affirmed. Decision affirmed, with costs to the Glens Falls Insurance Co. against the State Insurance Fund. Mahoney, P.J., Sweeney, Kane, Casey and Weiss, JJ., concur.