■ MARIO A. FREDA, Appellant, v BOARD OF EDUCATION OF THE CITY OF NEW YORK et al., Respondents. [638 NYS2d 83] —Order, Supreme Court, New York County (William Davis, J.), entered October 5, 1994, which granted respondents' motion to dismiss the petition brought pursuant to CPLR article 78 seeking to reinstate pension benefits and annul an administrative order of recoupment of benefits previously paid to petitioner, unanimously affirmed, without costs.

Petitioner did not obtain jurisdiction over the Police Pension Board by serving the petition on the City or its subdivisions, such as the Police Department and Department of Personnel (*cf., Public Serv. Mut. Ins. Co. v Joyce*, 182 AD2d 535; *Ober v Rye Town Hilton*, 159 AD2d 16). Here, the failure to serve the proper entity, the Police Pension Fund, Article II (Administrative Code of City of NY § 13-220), was not susceptible to cure by substitution or amendment of the caption, and thus the IAS Court properly dismissed the petition.

In any event, we note that even if the petition's factual allegations are accepted as true, they fail to state a meritorious claim. After completing 21 years of service, petitioner retired from the New York City Police Department as a Detective Third Grade. Then, allegedly relying on oral representations made by individuals who were not employed by the Police Pension Fund on the question of whether his police pension would be reduced based on his new job's salary, petitioner went to work for the Board of Education's Division of School Safety. Petitioner concedes that when he re-entered public service almost 14 years ago, he failed to secure the statutory waiver

required by Retirement and Social Security Law § 211 which, had it been granted, would have precluded a reduction in his pension benefits. Petitioner was then overpaid in excess of $100,000, in violation of statute.

As petitioner also concedes, the doctrine of estoppel can only be applied "against a governmental entity if failure to apply the doctrine would defeat a right legally and rightfully obtained" (*Matter of Owens v McGuire*, 121 AD2d 292, 295). Here, given petitioner's failure to comply with the statutory waiver scheme, the overpayments can hardly be deemed to have been "legally and rightfully obtained" and thus equitable estoppel is unavailable against the Police Pension Fund. Additionally, even assuming, *arguendo*, that statements attributed to petitioner's new employer, the Board of Education, or the Department of Personnel were made, they cannot bind a distinct entity such as the Police Pension Fund. Thus, the IAS Court properly ruled that the petition failed to state a legal or equitable theory under which the Police Pension Fund could be prevented from recouping the overpaid sums and it was properly dismissed pursuant to CPLR 3211 (a) (7). Concur—Sullivan, J. P., Ellerin, Wallach, Rubin and Mazzarelli, JJ.