OPINION OF THE COURT
Francis T. Collins, J.
The motion of the defendant for an order pursuant to CPLR 3212 dismissing the claim on the merits and for lack of jurisdiction upon the ground that claimant did not serve and file a claim or serve a notice of intention to file a claim within 90 days of accrual is granted. The cross motion of the claimant for an order pursuant to CPLR 3212 dismissing the first affirmative defense set forth in the defendant’s answer, granting claimant summary judgment upon the liability issue, granting claimant summary judgment upon the damages issue or, in the alternative, granting claimant an immediate trial date upon the damages issue is denied. Claimant’s alternative request for relief pursuant to Court of Claims Act § 10 (6) permitting her to serve and file a late claim is also denied.
Claimant was employed by the Saranac Lake Central School District as a probationary school teacher from September of *286 1988 through June of 1990. In May of 1990, Superintendent of Schools Thomas Christopher recommended to the Board of Education that claimant not be rehired for the 1990-1991 school year, which recommendation was accepted by the Board. In July of 1990, claimant complained to the Albany Office of the New York State Division of Human Rights (the Division) that her employment was terminated as the result of sexual discrimination. On August 27, 1990, claimant verified an administrative complaint setting forth her charges of discrimination. By letter dated September 20, 1990, the Division of Human Rights forwarded a copy of the complaint to Superintendent Christopher. On October 4, 1990, Superintendent Christopher sent a letter to the Division of Human Rights responding to the complaint by denying the allegations contained therein. The case was heard before an Administrative Law Judge on September 13 and 14 and November 22 of 1993. On February 28, 1995, the Commissioner of the State Division of Human Rights issued an order directing the School District to reinstate claimant with back pay and to pay her an additional $100,000 as compensatory damages for mental pain and suffering. The School District appealed to the Third Department arguing that claimant had failed to serve a verified claim upon the governing body of the School District within 90 days after the accrual of the claim as required by Education Law § 3813 (1). The School District argued that absent compliance with Education Law § 3813 the administrative order had to be annulled. In the case of Matter of Saranac Lake Cent. School Dist. v New York State Div. of Human Rights (226 AD2d 794, 796, lv denied 88 NY2d 816), the Third Department held:
“The claim in this case, which is based in part on allegations that complainant’s employment was terminated due to her gender, arose when her employment was terminated at the end of June 1990 (see, Hoger v Thomann, 189 AD2d 1048, 1050). The complaint, which contains sufficient detail to give the required notice, was filed with the Division no later than September 11, 1990, which is within the 90-day period. The Division was required to ‘promptly serve’ a copy of the complaint on petitioner (Executive Law § 297 [2] [a]), but in contrast to Deposit Cent. School Dist. v Public Empl. Relations Bd. (supra), there is no evidence in the record that petitioner’s board of education actually received the complaint within the 90-day period.
“Nor do the procedures set forth in Executive Law § 297 ensure that the board of education will receive notice within *287 the 90-day period. Education Law § 3813 (1) requires that the notice of claim be presented to the ‘governing body of the school district, and there can be no substantial compliance unless the statutory requirements mandating notification to the proper public body have been fulfilled (see, Parochial Bus Sys. v Board of Educ., 60 NY2d 539, 547-548, supra). Absent the required notice of claim, and absent sufficient evidence to establish substantial compliance with the notice of claim requirement, no action or proceeding may be maintained against petitioner (Education Law § 3813 [1]). The Division’s determination must, therefore, be annulled.”
On October 22, 1996, the Deputy Clerk of the Court of Appeals executed an order denying the Division of Human Rights’ motion for permission to appeal. This claim alleging negligence on the part of employees of the Division of Human Rights was filed with the court on January 21, 1997. The claim alleges that the claimant’s cause of action accrued on October 22, 1996 when the Court of Appeals denied the motion for leave to appeal. The alleged negligence is set forth in paragraph 11 of the claim as follows: “Claimant’s injuries and damages were caused by the negligence of the State of New York — Division of Human Rights of the Executive Department, its officers, agents and employees, and without any fault or negligence on the part of claimant contributing thereto. The negligence of the State of New York, its Division of Human Rights, its officers, agents and employees consisted of, among other things, negligently failing to perform the ministerial act required by § 297(2)(a) of serving a copy of claimant’s complaint aforesaid on the Saranac Lake Central School District as required by law in a proper and timely fashion, in failing to properly train and instruct the officers, agents or employees of the Division of Human Rights so that the officers, agents or employees to timely and properly comply with the statutory requirements of § 297(2)(a) of the Executive Law of the State of New York, in failing to properly supervise the officers, agents or employees of the Division of Human Rights so as to assure their full compliance with the statutory requirements of § 297(2)(a) of the Executive Law of the State of New York, in failing to present evidence in the record of the proceedings in the Division of Human Rights that the Board of Education of the Saranac Lake Central School District duly and timely received a copy of the aforesaid complaint filed by claimant with said Division no later than September 11, 1990 in accordance with law, in failing to timely discover its negligent failure to timely and properly comply *288 with § 297(2)(a) of the Executive Law of the State of New York so that an application for a judicial order to extend its time to serve a copy of said complaint as allowed by Education Law § 3813(2-a) could be presented and secured for such purpose, in failing to make application for a judicial order to extend the time to serve said complaint pursuant to Education Law § [3813 (2-a)] after receiving notice and actual knowledge of its negligent failure to comply with said statutory requirement, and in being otherwise careless and negligent in their prosecution and presentation of claimant’s case, to the great and permanent injury and damage of claimant.”
The first affirmative defense set forth in the answer is that the court lacks personal and subject matter jurisdiction as the claim was not filed or served within the 90-day time period set forth in Court of Claims Act § 10 (3). Discovery was completed and the trial term note of issue and certificate of readiness were filed on October 2, 1998. Both parties seek summary judgment upon the liability issue.
The Attorney General contends that the claim was not timely filed and served in that claimant’s cause of action accrued on April 4, 1996, the date of entry of the Appellate Division order. In addition, the defendant argues that the claim lacks merit.
Claimant argues that the claim did not accrue until October 22, 1996 when the Court of Appeals denied the motion for leave to appeal or, alternately, until the attornéy/client relationship between claimant and the staff attorneys of the Division of Human Rights terminated on October 24, 1996. Claimant further argues that the defendant should be equitably estopped from denying that October 22, 1996 is the date of the claim’s accrual. Finally, claimant requests permission to file a late claim pursuant to Court of Claims Act § 10 (6) should it be determined that the claim accrued on April 4, 1996.
The court finds that the claim accrued when the Appellate Division order was entered on April 4, 1996 as it agrees with the reasoning of Judge King in Ferrer v State of New York (172 Misc 2d 1, 8, 9, 10) that a claim sounding in negligence and premised upon the wrongdoing by employees of the Division of Human Rights accrues when the Appellate Division order is. entered and not when the Court of Appeals later denies leave to appeal. Claimant’s contention that she had an attorney/ client relationship with the attorneys assigned by the Division of Human Rights to support her complaint is rejected. 9 NYCRR 465.13 permits the complainant to have his or her own *289 attorney appear before the Administrative Law Judge in support of the complaint. Claimant chose not to avail herself of that right. 9 NYCRR 465.13 (d) (1) provides: “(1) If the complainant is not represented by an attorney, the case in support of the complaint shall be presented before the administrative law judge by the division’s agent or attorney. However, such agent or attorney shall not have an attorney-client relationship with the complainant.”
The foregoing rule clearly establishes that when one of the Division’s attorneys appears before an Administrative Law Judge because the complainant has decided not to hire private counsel the Division attorney is representing the complaint and is not in an attorney/client relationship with the complainant. Thus, claimant’s reliance upon those cases holding that a cause of action against an attorney for malpractice does not arise until the termination of the attorney/client relationship is misplaced.
Finally, “the doctrine of estoppel can only be applied ‘against a governmental entity if failure to apply the doctrine would defeat a right legally and rightfully obtained’ ”. (Freda v Board of Educ., 224 AD2d 360, 361.) Here, claimant was not rightfully and legally entitled to service upon the Saranac Lake Central School District Board of Education in compliance with Education Law § 3813 (1) by the Division. It was her duty to see that the statute was complied with and she did not have a legal right to expect the Division to cure her default. Consequently, the doctrine of equitable estoppel is not available.
Since the “Court of Claims does not obtain jurisdiction to adjudicate a claim unless the claimant timely files a claim or a notice of intention to file a claim” {Selkirk v State of New York, 249 AD2d 818, 819), the defendant’s summary judgment motion must be granted as claimant did not serve and file a claim or serve a notice of intention to file a claim within 90 days of April 4, 1996.
Assuming arguendo that a timely claim had been served and filed, the State’s summary judgment motion would be granted as the claim lacks merit. Claimant’s theory of negligence as set forth in the claim is that the failure of the Division of Human Rights to serve a copy of the administrative complaint upon the School District in compliance with Executive Law § 297 (2) (a) caused the Appellate Division to vacate her administrative award due to a failure to comply with Education Law § 3813 (1). Upon its summary judgment motion, the Attorney General apparently disclosed to claimant for *290 the first time that the Division of Human Rights had, in fact, timely served a copy of the administrative complaint during September of 1990. Through her application for leave to file a late claim claimant now seeks to change her theory of negligence, arguing that the adverse appellate ruling resulted from malpractice on the part of the Division’s attorneys in failing to submit proof before the Judicial Hearing Officer that the administrative complaint was timely served or to thereafter attempt to introduce that evidence into the record during the appeal process. Even deeming those allegations to be true, claimant has still not established a meritorious negligence claim as compliance with Executive Law § 297 (2) (a) does not establish compliance with Education Law § 3813 (1). Education Law § 3813 (1) provides: “1. No action or special proceeding, for any cause whatever, except as hereinafter provided, relating to district property or property of schools provided for in article eighty-five of this chapter or chapter ten hundred sixty of the laws of nineteen hundred seventy-four or claim against the district or any such school, or involving the rights or interests of any district or any such school shall be prosecuted or maintained against any school district, board of education, board of cooperative educational services, school provided for in article eighty-five of this chapter or chapter ten hundred sixty of the laws of nineteen hundred seventy-four or any officer of a school district, board of education, board of cooperative educational services, or school provided for in article eighty-five of this chapter or chapter ten hundred sixty of the laws of nineteen hundred seventy-four unless it shall appear by and as an allegation in the complaint or necessary moving papers that a written verified claim upon which such action or special proceeding is founded was presented to the governing body of said district or school within three months after the accrual of such claim, and that the officer or body having the power to adjust or pay said claim has neglected or refused to make an adjustment or payment thereof for thirty days after such presentment. In the case of an action or special proceeding for monies due arising out of contract, accrual of such claim shall be deemed to have occurred as of the date payment for the amount claimed was denied.” (Emphasis supplied.)
The above-quoted language clearly establishes that a written verified claim must be presented to “the governing body of said district or school”. Here, the governing body of the Saranac Lake Central School District is its Board of Education. In the case of Parochial Bus Sys. v Board of Educ. (60 NY2d 539, 548- *291 549, supra) the Court of Appeals made it clear that presentment of the claim to a school district official other than the Board of Education is a fatal defect not in compliance with Education Law § 3813 (1) when it held as follows: “The statutory prerequisite is not satisfied by presentment to any other individual or body, and, moreover, the statute permits no exception regardless of whether the Board had actual knowledge of the claim or failed to demonstrate actual prejudice. The statute ‘must be read and given effect as it is written by the Legislature, not as the court may think it should or would have been written if the Legislature had envisaged all the problems and complications which might arise’. (Lawrence Constr. Corp. v State of New York, 293 NY 634, 639; see, also, Bayer v Board of Educ., 58 Misc 2d 259, 261, supra.) The Legislature has spoken unequivocally that no action or proceeding may be prosecuted or maintained against any school district or board of education unless a notice of claim has been ‘presented to the governing body’ (Education Law, § 3813, subd 1 [emphasis added]), and this court may not disregard its pronouncement. (Munroe v Booth, 305 NY 426, 428, supra.)”
The burden of establishing that Education Law § 3813 (1) has been complied with is upon the injured party (Matter of Hurley v Avon Cent. School Dist., 187 AD2d 982). Claimant contends that if the Division of Human Rights had established to the satisfaction of the Appellate Division that service under Executive Law § 297 (2) (a) had been effected the Appellate Division would have followed the holding of its decision in the case of Matter of Deposit Cent. School Dist. v Public Empl. Relations Bd. (214 AD2d 288), and found that service of the administrative complaint was sufficient compliance with Education Law § 3813 (1). That argument is fatally flawed because Executive Law § 297 (2) (a) does not require service upon the “governing body of said district or school” as does Education Law § 3813 (1). Executive Law § 297 (2) (a) provides: “2. a. After the filing of any complaint, the division shall promptly serve a copy thereof upon the respondent and all persons it deems to be necessary parties, and make prompt investigation in connection therewith. Within one hundred eighty days after a complaint is filed, the division shall determine whether it has jurisdiction and, if so, whether there is probable cause to believe that the person named in the complaint, hereinafter referred to as the respondent, has engaged or is engaging in an unlawful discriminatory practice. If it finds with respect to any respondent that it lacks jurisdiction *292 or that probable cause does not exist, the commissioner shall issue and cause to be served on the complainant an order dismissing such allegations of the said complaint as to such respondent.” (Emphasis supplied.)
Executive Law § 297 (2) (a) requires service of the administrative complaint “upon the respondent” which is in contrast to Education Law § 3813 (1) which requires presentment to “the governing body of said district or school”. While the two entities may be the same, they are not necessarily so. The named respondent in the administrative proceeding was the “Saranac Lake Central School District” and not its Board of Education. CPLR 311 (a) (7) provides that service upon a school district shall be “to a school officer, as defined in the education law”. Education Law § 2 (13) defines a school officer as follows: “The term ‘school officer’ means a clerk, collector, or treasurer of any school district; a trustee; a member of a board of education or other body in control of the schools by whatever name known in a union free school district, central school district, central high school district, or in a city school district; a superintendent of schools; a district superintendent; a supervisor of attendance or attendance officer; or other elective or appointive officer in a school district whose duties generally relate to the administration of affairs connected with the public school system.”
The foregoing definition allows the Division of Human Rights to serve various persons when complying with Executive Law § 297 (2) (a), including “a member of a board of education” or a “district superintendent”. In our case, the Division of Human Rights chose to serve the District Superintendent. As the Court of Appeals held in the Parochial Bus Sys. case (supra), service upon a District Superintendent rather than the “governing body of [the] district or school” (in this case the Board of Education) does not establish compliance with Education Law § 3813 (1). Thus, the fact that the Division of Human Rights had complied with Executive Law § 297 (2) (a) by serving the District Superintendent would have been of no help to the Appellate Division in deciding whether Education Law § 3813 (1) had been complied with by service upon the Board of Education of the Saranac Lake Central School District. As a consequence, the allegations of negligence set forth in the claim and the proposed claim fail to establish a meritorious cause of action.
*293 Finally, late claim relief pursuant to Court of Claims Act § 10 (6) is unavailable in view of the court’s determination that the allegations of the proposed claim lack merit.