■ AHARON KAMAR, Appellant, v CITY OF NEW YORK et al., Respondents. [689 NYS2d 635] —Orders (three papers), Supreme Court, New York County (Bernard Fried, J.), entered May 12, 1998, May 29, 1998, and September 23, 1998, which, to the extent appealed from and appealable, as limited by plaintiff's brief, denied plaintiff's motion to strike defendants' answer pursuant to CPLR 3126 for discovery non-compliance, denied plaintiff's application to use an index number purchased for a special proceeding in the plenary action, and denied two motions for renewal, unanimously affirmed, without costs.

Although defendants waived reliance upon the jurisdictional defect caused by plaintiff's failure to purchase a new index

number for his plenary action, and *sua sponte* dismissal of the complaint would, therefore, have been inappropriate (*see, Matter of Fry v Village of Tarrytown*, 89 NY2d 714), it was, nonetheless, within the court's authority to order plaintiff to purchase a new index number and to have the relevant documents transferred to the file bearing that number effective nunc pro tunc (*see, Poley Paving Corp. v United Cerebral Palsy Assn.*, 241 AD2d 847).

Finally, the motion court's refusal to strike defendants' answer pursuant to CPLR 3126 was proper under all the circumstances, including defendant City's ultimate compliance, albeit tardy, with plaintiff's discovery requests (*see, Lawrence v City of New York*, 252 AD2d 482), for which delay an adequate excuse was offered. Concur—Sullivan, J. P., Nardelli, Lerner, Rubin and Saxe, JJ.