■ JUDY FISHOF, Respondent, v MARTIN GRAJOWER, Appellant. [691 NYS2d 507] —Order, Supreme Court, New York County (Diane Lebedeff, J.), entered March 19, 1998, which denied

defendant's motion for summary judgment dismissing the consolidated complaints and for summary judgment on defendant's fourth counterclaim seeking to enforce a provision of the stipulation of settlement, unanimously reversed, on the law, without costs or disbursements, and defendant's motion for summary judgment dismissing the consolidated complaints and for summary judgment on defendant's fourth counterclaim granted. The Clerk is directed to enter judgment accordingly.

Plaintiff commenced an action alleging fraud and breach of fiduciary duty by defendant in the negotiation of a divorce settlement. Thus, plaintiff asserted that defendant and a mediator chosen by both parties, Moses Marx, a family friend and highly respected member of the Orthodox Jewish community, acted in concert to deceive plaintiff into accepting a settlement below that to which she was entitled. Plaintiff also claimed that Marx, without her knowledge, loaned defendant the funds used to purchase a new home for her and the parties' children in the Bronx.

However, plaintiff failed to raise any triable issue of fact which would support a cause of action for invalidation of the Settlement Agreement entered by the parties. Initially, with regard to Marx's loan to defendant, plaintiff's attorney Langer testified that he was aware seven months before the loan of Marx's intent to loan defendant, the husband, funds with which to purchase the Bronx residence for the wife. This knowledge of Langer is chargeable to plaintiff (see, Farr v Newman, 14 NY2d 183, 187). Moreover, plaintiff's denial of personal knowledge of the loan is incredible as a matter of law, in view of her signing of the check by which payment for the Bronx residence was made (see, Mortimer v Lynch, 119 AD2d 558, 559). In addition, plaintiff admits that her attorney Langer advised her during the negotiation of· the Settlement Agreement that the husband had transferred to himself legal title to the Hudson building and advised her that this did not change the fact that the Hudson building was marital property. Plaintiff further admits that she had known of the possibility of a sale of the easement of the air rights pertaining to the Hudson building even before the parties began to discuss divorce. Accordingly, the record does not give rise to any triable issue as to ·whether Marx had an undisclosed interest that gave him the motivation to favor defendant in the negotiations leading to the Settlement Agreement.

Plaintiff clearly made a deliberate choice to accept the Settlement Agreement against the advice of Langer, her own attorney. A divorce settlement agreement that has been negoti-

ated between two independently counseled parties, as herein, will not be set aside simply because entering into such an agreement may have been improvident on the part of one of the parties (*see, Gaton v Gaton*, 170 AD2d 576).

Since we have decided, as a matter of law, that there is no issue precluding enforcement of the Settlement Agreement, we also grant summary judgment to defendant on his fourth counterclaim seeking enforcement of the Settlement Agreement's provision for disposition of the proceeds of the sale of the Bronx residence, which plaintiff admits she has not followed. Concur—Nardelli, J. P., Mazzarelli, Lerner and Saxe, JJ.