■ ROYAL INSURANCE COMPANY OF AMERICA, Respondent, v COMMISSIONERS OF THE STATE INSURANCE FUND, Appellant. (Claim No. 94362.) [734 NYS2d 676] —Mugglin, J. Appeal from a judgment of the Court of Claims (Marin, J.), entered October 6, 2000, which, *inter alia*, granted claimant's motion for summary judgment.

As the result of litigation stemming from the collapse of a bridge in Chautauqua County in November 1986, claimant and the Commissioners of the State Insurance Fund (hereinafter Fund) were determined to be co-insurers and responsible to indemnify G & J Construction Corporation, whose vehicle caused the collapse, for the amount of judgments recovered against it by Chautauqua County (*see, County of Chautauqua v Nichols*, 261 AD2d 884, *lv dismissed* 94 NY2d 875). In the present action, claimant seeks to collect from the Fund 50% of the defense costs incurred during the defense of G & J in the underlying personal injury lawsuits. During the period 1987 through 1994, the Fund, without objection, paid 50% of all defense costs related to the litigation, but thereafter refused to share in litigation costs and retained separate counsel.

Following joinder of issue, claimant sought summary judgment on its reimbursement claim and the Fund cross-moved for summary judgment seeking dismissal and awarding it reimbursement of legal fees already paid. Concluding that the Fund was a party to an implied contract with claimant to pay 50% of the costs of litigation, the Court of Claims awarded claimant a judgment in the amount of $29,097.97 with interest from May 1, 1996, and denied the Fund's cross motion. The Fund appeals.

The Fund claims that, as. a State agency, it is entitled to the protection of the provisions of State Finance Law § 112 (2) (a) which makes ineffective any contract in excess of $15,000 which has not first been approved by the Comptroller and filed in his office. Initially, we note that this claim was not raised before the Court of Claims and, as such, it is not properly before us (*see*, *Matter of Albany Community Dev. Agency v Abdelgader*, 205 AD2d 905, 906; *but cf.*, *Capital Med. Sys. v Fuji Med. Sys. U.S.A.*, 239 AD2d 743, 745). In any event, we are unpersuaded by its argument. Both this Court (*see*, *Matter of Carney v Newburgh Park Motors*, 84 AD2d 599) and the Court of Appeals (*see*, *Commissioners of State Ins. Fund v Low*, 3 NY2d 590) have recognized the uncertain status of the Fund, particularly in matters of litigation. As we stated in *Matter of Carney v Newburgh Park Motors* (*supra*), "[w]hile the State Insurance Fund is an agency of the State, its function is akin to that of a private insurance carrier and, especially in matters of litigation, it is considered to be an entity separate from the State itself" (*id.*, at 600). Moreover, the revenues of the Fund are raised by the premiums it charges for the policies it issues and investments made from these funds (*see*, Workers' Compensation Law § 76 [1]) and these moneys may not be transferred to any other fund nor used for any purpose other than those of the Fund (*see*, Workers' Compensation Law § 76 [5]). Given that the purpose of State Finance Law § 112 is to prevent the improvident expenditure of general State revenue, we are unpersuaded that the provisions of this statute apply to the expenditure by the Fund of its revenue for counsel fees incurred in the defense of one of its insureds, an expenditure it is obligated to make by the terms of the policy of insurance it issued. Moreover, since it paid, acting in its private or proprietary capacity, 50% of the cost of defense of the underlying action for a period of seven years, the Fund is estopped from denying the existence of this implied-in-fact contract (*see*, *Matter of Carney v Newburgh Park Motors*, *supra*, at 600).

The second major issue raised by the Fund is its claim that issues of fact exist which preclude summary judgment as to whether the Fund agreed to share counsel fees on a 50/50 basis with claimant. Here, the Fund fails to produce admissible evidence sufficient to present a material question of fact (*see*, *Gilbert Frank Corp. v Federal Ins. Co.*, 70 NY2d 966). Notably, the Fund did not deny the existence of an agreement to share counsel fees, merely stating that it could find no documentation in its records. Further, it paid 50% of the shared counsel fees for seven years. It produced no evidence that raises an issue of fact concerning a lesser percentage.

We have considered the balance of the Fund's arguments and find that they are either unpreserved for review or are lacking in merit.

Crew III, J. P., Peters, Spain and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, without costs.