■ GRACIE GANT, Respondent, v BROOKLYN DEVELOPMENTAL CENTER, Appellant. [762 NYS2d 507] —In an action to recover damages for employment discrimination in violation of Executive Law § 296, Administrative Code of the City of New York

§§ 8-107 and 8-502, and Civil Rights Law § 40-c, the defendant appeals from an order of the Supreme Court, Kings County (Johnson, J.), dated July 15, 2002, which denied its motion to dismiss the complaint pursuant to CPLR 3211 (a) (1) and (7).

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

The plaintiff, a 42-year-old female, began working at the defendant's facility in 1984. In 1994 she was diagnosed with cancer and immediately informed her supervisors. In 1995 she was placed on administrative leave for allegedly failing to timely report an incident involving one of the defendant's patients. In January 1997 the parties entered into a settlement agreement which provided, inter alia, that the plaintiff would resign from her job, and that the defendant would provide a neutral employment reference stating, among other things, that the resignation was "for personal reasons." In 1998 the plaintiff commenced this action seeking damages based upon age and disability discrimination. The defendant moved, inter alia, to dismiss the complaint based upon the settlement. The Supreme Court denied the motion. We reverse.

The plaintiff voluntarily entered into an agreement which indicated that she was resigning her position. The plaintiff produced no evidence to indicate that she was coerced into the agreement. Moreover, the agreement itself recited that the plaintiff had the opportunity to consult with counsel prior to signing the agreement and that she understood the contents thereof. Therefore, the plaintiff is foreclosed from claiming that her employment was terminated, or that the "termination" was a result of age or disability discrimination on the part of the defendant (*see generally Koster v Ketchum Communications*, 204 AD2d 280 [1994]; *Stone v National Bank & Trust Co.*, 188 AD2d 865 [1992]; *Skluth v United Merchants & Mfrs.*, 163 AD2d 104 [1990]).

Accordingly, the complaint should have been dismissed in its entirety. Santucci, J.P., Goldstein, H. Miller and Schmidt, JJ., concur.