■ COMMISSIONERS OF THE STATE INSURANCE FUND, Appellant, v FORTUNE INTERIOR DISMANTLING CORP., Respondent, et al., Defendants. [777 NYS2d 436]—

Order, Supreme Court, New York County (Harold Beeler, J.), entered March 19, 2003, which granted defendant Fortune Interior Dismantling Corp.'s motion to enforce a settlement and

release, and enjoined plaintiff from denying workers' compensation insurance coverage to nonparty Red Ball Demolition under Workers' Compensation Law § 93 (b) and (c), unanimously affirmed, without costs.

The scope of a general release depends on the controversy being settled and the purpose for which the release is actually given. A release may not be read to cover matters which the parties did not intend to dispose of, or which were not in dispute at the time (*see Enock v National Westminster Bankcorp*, 226 AD2d 235 [1996]). Here, the agreement with the State Insurance Fund reflects that without any admission of liability, defendants desire to settle "any and all claims [and] demands . . . which have arisen between them, their affiliates, successors or assigns, including, but not limited to, the matters raised in the Action." The release provides, in consistent fashion, that plaintiff absolves Fortune and all affiliated entities of all "claims, causes of actions [*sic*], judgments and demands of any and every nature whatsoever which [plaintiff] ever had, ha[ve] or may have against [them] by reason of facts, events or occurrences, known or unknown, arising from or taking place prior to the effective date of th[e] Release, including but not limited to any claims, causes of actions [*sic*], judgments and demands of any and every nature arising from or related to" this particular policy issued by the State Insurance Fund, or the litigation referred to in the settlement agreement. Plaintiff ignores this broad language and seeks to limit the release to the action and this particular policy. There is no dispute that Red Ball is an affiliate within the meaning of the settlement agreement and release. Since plaintiff's claim for premiums under Red Ball's own policy was pending when the settlement agreement was reached, the release extended to Red Ball as well (*see Williamson Cent. School Dist. v E & L Piping*, 261 AD2d 937 [1999], *lv denied* 93 NY2d 816 [1999]).

Plaintiff's newly raised argument that defendants should have commenced a new action with a new index number does not mandate reversal (*see Kamar v City of New York*, 262 AD2d 57 [1999]), nor does the suggestion that defendants should have commenced a CPLR article 78 proceeding. The stipulated settlement and release were contracts entered by plaintiff in their long-recognized capacity akin to a private insurer (*see Matter of Carney v Newburgh Park Motors*, 84 AD2d 599 [1981]), and defendants were seeking to enforce those contracts.

We have considered plaintiff's other arguments and find them unpersuasive. Concur—Tom, J.P., Sullivan, Williams, Lerner and Gonzalez, JJ.