■ In the Matter of CENTRAL NEW YORK WORKERS' COMPENSATION BAR ASSOCIATION et al., Respondents, v STATE OF NEW YORK WORKERS' COMPENSATION BOARD et al., Appellants. [791 NYS2d 758]—

Appeals from a judgment (denominated order) of the Supreme Court, Onondaga County (John V. Centra, J.), entered June 22, 2004 in a proceeding pursuant to CPLR article 78. The judgment granted the petition.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Petitioners commenced this CPLR article 78 proceeding seeking a judgment that the policy of respondent State of New York Workers' Compensation Board (Board) of permitting the State Insurance Fund (Fund) to install certain computer hardware in the Syracuse office of the Board, enabling the Fund's attorneys to have wireless Internet access to their files during proceedings before the Board, while denying the same opportunity to other attorneys appearing before the Board, is arbitrary and capricious. We agree with Supreme Court that the Board's policy is arbitrary and capricious.

Although the Fund is an agency of the State created to "achieve the governmental purpose of all-inclusive [workers'] compensation insurance coverage" (*Matter of State Ins. Fund v Boyland*, 282 App Div 516, 523 [1953], *affd* 309 NY 1009 [1956]; *see Methodist Hosp. of Brooklyn v State Ins. Fund*, 102 AD2d 367, 373-374 [1984], *affd* 64 NY2d 365 [1985], *appeal dismissed* 474 US 801 [1985]), it has nevertheless been held that, in litigation, "it is considered to be an entity separate from the State itself" (*Commissioners of State Ins. Fund v Low*, 3 NY2d 590, 595 [1958]; *see Matter of Carney v Newburgh Park Motors*, 84 AD2d 599, 600 [1981]; *see also Royal Ins. Co. of Am. v Commissioners of State Ins. Fund*, 289 AD2d 807, 808 [2001]). In the context of its dealings within the Board, the Fund is merely one of the insurers appearing in proceedings before the Board. The

wireless access sought by the Fund provides the Fund an unfair competitive advantage in litigated matters as the installed hardware permits only the Fund's attorneys access to their case files in the heat of litigation, putting at their fingertips volumes of meaningful exhibits, legal research and other information, with no similar provision for claimants and the myriad of other insurance carriers whose representatives appear before the Board. By providing wireless Internet access to one of the litigants that appear before it and not to the adversaries of that litigant who also appear before the Board, the Board acted arbitrarily and capriciously. Present—Green, J.P., Scudder, Gorski, Martoche and Pine, JJ.