■ Phyllis Burden et al., Respondents, v Julius Graves, Appellant. [805 NYS2d 583]—

In an action, inter alia, pursuant to RPAPL article 15 to set aside a deed, the defendant appeals, as limited by his notice of appeal and brief, from so much of an order of the Supreme Court, Kings County (Vaughan, J.), dated December 8, 2004, as denied that branch of his motion which was to dismiss the first cause of action pursuant to CPLR 3211.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, that branch of the motion which was to

dismiss the first cause of action pursuant to CPLR 3211 is granted, and that cause of action is dismissed.

On September 25, 2003, the defendant obtained a judgment by default against the plaintiffs Phyllis Burden and Rose Johnson establishing his "undivided one half (1/2) interest" in the subject premises and barring Burden and Johnson and every person claiming under them "from all claim or claims to an estate or interest" in his share of the premises. It is undisputed that Burden and Johnson, who appeared in the prior action and were served with a copy of the judgment, neither opposed its entry nor sought to appeal from it. Instead, in 2004 Burden commenced the instant action, inter alia, to set aside as fraudulent a deed dated February 7, 1996, by which the defendant acquired from her his undivided interest in the subject premises. Johnson and the plaintiff Phyllis Burden, as Trustee of the Burden Family Trust, were later joined as additional plaintiffs in the action.

Contrary to the plaintiffs' contention, their challenge to the deed dated February 7, 1996, which amounted to an impermissible collateral attack on the September 25, 2003, judgment, was barred by the doctrine of res judicata (*see Matter of City of New York*, 307 NY 447, 453-454 [1954]; *Culver v County of Rensselaer*, 139 AD2d 853, 854-855 [1988]).

In light of our determination, we do not reach the defendant's remaining contention. Goldstein, J.P., Skelos, Fisher and Lunn, JJ., concur.