In the Matter of SUBURBAN RESTORATION COMPANY, INC., Appellant, v OFFICE OF THE STATE COMPTROLLER, Respondent. [953 NYS2d 319]—

McCarthy, J. 

In 1994, the State Insurance Fund (hereinafter SIF) obtained a default judgment in the amount of $130,117.76 against petitioner, a contractor doing business in New York, for unpaid workers' compensation premiums. In 2010, because the judgment remained unpaid and accrued interest had increased the amount owed to $294,065.76, SIF notified petitioner that it would seek an offset by respondent from upcoming payments

due petitioner under current contracts with other state agencies. Respondent withheld two payments due petitioner on other contracts as offsets against the judgment in favor of SIF. Petitioner commenced this hybrid action and proceeding seeking annulment of respondent's determinations and, alternatively, an order directing respondent to audit the underlying judgment before applying any offset. Supreme Court dismissed the petition, prompting petitioner's appeal.

We affirm. In reviewing respondent's determination regarding the offset, we are limited to deciding whether that "determination was made in violation of lawful procedure, was affected by an error of law or was arbitrary and capricious or an abuse of discretion" (CPLR 7803 [3]). Flowing from respondent's duty to audit all vouchers prior to payment (*see* NY Const, art V, § 1; State Finance Law § 8), respondent has a common-law right to offset any valid claim or debt owed to the state against a claimant who is due money under respondent's control, even if the setoff is unrelated to the state's debt to that claimant (*see Matter of Northville Indus. Corp. v State of New York*, 14 AD3d 817, 818 [2005]; *Morash v State of New York*, 268 AD2d 510, 511 [2000], *lv denied* 95 NY2d 755 [2000]; *Matter of 3 Lafayette Ave. Corp. v Comptroller of State of N.Y.*, 186 AD2d 301, 303 [1992], *lv denied* 81 NY2d 705 [1993]). To put it another way, if a claimant is owed money by a state agency but also owes money to the same or another state agency, respondent may subtract and withhold the money owed to the state from the money owed by the state, thereby facilitating the collection by the state of money it is due.

Petitioner argues that SIF is more akin to a private insurance company than a state agency, rendering it improper for respondent to exercise its authority to withhold moneys due petitioner from the state as an offset to satisfy the judgment owed by petitioner to SIF. Petitioner is incorrect. Although SIF is treated like a private company for some limited purposes and has some measure of separate identity from the state (*see Commissioners of State Ins. Fund v Low*, 3 NY2d 590, 594 [1958]; *Royal Ins. Co. of Am. v Commissioners of State Ins. Fund*, 289 AD2d 807, 808 [2001]), the Court of Appeals has held that "SIF was created and exists as a [s]tate agency" (*Methodist Hosp. of Brooklyn v State Ins. Fund*, 64 NY2d 365, 375 [1985], *appeal dismissed* 474 US 801 [1985]), and is "a [s]tate agency for all of whose liabilities the [s]tate is responsible" (*id.* at 374). As SIF is a state agency (*see D'Angelo v State Ins. Fund*, 48 AD3d 400, 402 [2008]; *Matter of Central N.Y. Workers' Compensation Bar Assn. v State of N.Y. Workers' Compensation Bd.*, 16 AD3d 1066, 1066

[2005]; *Commissioners of State Ins. Fund v Mathews & Sons Co.*, 131 AD2d 301, 301 [1987]), respondent had the authority to exercise its right to offset money owed by petitioner to SIF against money owed to petitioner by other agencies. Hence, respondent did not abuse its discretion, and the determination was not arbitrary, capricious or affected by an error of law.

Supreme Court properly determined that respondent was not required to audit the 1994 default judgment before offsetting that debt by withholding money from other payments due petitioner. While respondent is required to audit a judgment or claim against the state before releasing any payment or refund from money under state control (*see* NY Const, art V, § 1; State Finance Law § 111), there is no corresponding obligation to audit a judgment in the state's favor. Courts cannot compel an agency to perform an action that the law does not require of that agency or over which the agency may exercise discretion (*see* CPLR 7803 [1]; *Matter of Posada v New York State Dept. of Health*, 75 AD3d 880, 882 [2010], *lv denied* 15 NY3d 712 [2010]). In any event, respondent could reasonably accept as valid a judgment issued by a court, as petitioner had never properly challenged that default judgment by moving to vacate it (*see* CPLR 5015). Petitioner's attempts to have respondent review the underlying basis for such judgment amounted to an impermissible collateral attack on that judgment (*see Burden v Graves*, 23 AD3d 421, 422 [2005]; *Cobb v City of New York*, 272 AD2d 117, 118 [2000], *lv denied* 95 NY2d 760 [2000]). Thus, as respondent was not required to audit the default judgment before relying on it as an offset, the court could not compel respondent to perform such an audit.

As petitioner also sought a declaratory judgment, and Supreme Court did not rule on that portion of petitioner's application as was required (*see* CPLR 3001), we declare that respondent is not required to audit the underlying 1994 judgment against petitioner.

Mercure, J.P., Malone Jr., Garry and Egan Jr., JJ., concur. Ordered that the judgment is modified, on the law, without costs, by declaring that respondent is not required to audit the underlying 1994 judgment against petitioner, and, as so modified, affirmed.