■ Jae Hee Chung, Respondent, v Mary Manning Walsh Nursing Home Co., Inc., et al., Appellants. [46 NYS3d 587]—

Order, Supreme Court, New York County (Manuel J. Mendez, J.), entered August 18, 2015, which, insofar as appealed from as limited by the briefs, denied defendants' CPLR 3211 (a) motion to dismiss the complaint, unanimously reversed, on the law, without costs, the motion granted, and the complaint dismissed. The Clerk is directed to enter judgment accordingly.

In September 2013, defendants, plaintiff, and plaintiff's union entered into a "Settlement Agreement" resolving a griev-

ance proceeding brought by the union regarding her separation from employment in January 2012. Among other provisions, in the Settlement Agreement, the parties agreed that plaintiff would be deemed to have resigned on January 8, 2012. Since plaintiff makes no claim that the Settlement Agreement is invalid (*see generally Hallock v State of New York*, 64 NY2d 224, 230 [1984]; *34 Funding Assoc., Inc. v Pollak*, 26 AD3d 182, 182 [1st Dept 2006]), it thus fixes the date of her separation from employment at January 8, 2012 (*see Matter of Miller v New York State Dept. of Correctional Servs.*, 69 NY2d 970, 972 [1987], *affg for reasons stated at* 126 AD2d 831, 831-832 [3d Dept 1987]; *Gant v Brooklyn Dev. Ctr.*, 307 AD2d 307, 308 [2d Dept 2003]). Defendants' assertion of the Settlement Agreement's terms via motion in response to the complaint renders this a "proceeding to enforce [its] terms" as stipulated therein (*see Commissioners of State Ins. Fund v Fortune Interior Dismantling Corp.*, 7 AD3d 427, 428 [1st Dept 2004]; *Fishof v Grajower*, 262 AD2d 118, 120 [1st Dept 1999]).

Since plaintiff filed the complaint in this action on January 17, 2015, more than three years after the stipulated date of her resignation, her claims under the New York State and City Human Rights Laws are time-barred under the applicable three-year limitations periods (*see* CPLR 214 [2]; Administrative Code of City of NY § 8-502 [d]; *Santiago-Mendez v City of New York*, 136 AD3d 428, 428 [1st Dept 2016]). Concur—Tom, J.P., Renwick, Saxe, Feinman and Gesmer, JJ.