Marino v City of New York (2018 NY Slip Op 09027)

BODY {
font-family : "Times New Roman", Times, serif;
font-size : larger;
}

P {
line-height: 150%;
text-indent: 2em
}

Marino v City of New York

2018 NY Slip Op 09027

Decided on December 27, 2018

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 27, 2018
Friedman, J.P., Sweeny, Kapnick, Kahn, Singh, JJ.


7949 153321/14

[*1]Raymond Marino, Plaintiff-Appellant,
vCity of New York, et al., Defendants-Respondents.

Cronin & Byczek, L.L.P., White Plains, (Linda M. Cronin of counsel), for appellant.
Zachary W. Carter, Corporation Counsel, New York (Antonella Karlin of counsel), for respondents.

Order, Supreme Court, New York County (Margaret A. Chan, J.), entered March 11, 2015, which granted defendants' motion to dismiss the complaint, unanimously affirmed, without costs.
Plaintiff's allegations of employment discrimination based on events that occurred before April 8, 2011 are time-barred under the applicable three-year statute of limitations (CPLR 214[2]; Administrative Code of City of NY § 8-502[d]; see Jae Hee Chung v Mary Manning Walsh Nursing Home Co., Inc., 147 AD3d 452, 453 [1st Dept 2017]). The continuous violation doctrine does not apply (see Ferraro v New York City Dept. of Educ., 115 AD3d 497 [1st Dept 2014]; National R.R. Passenger Corp. v Morgan, 536 US 101, 113-114 [2002]).
Plaintiff's timely allegations fail to state claims for
employment discrimination (see Askin v Department of Educ. of the City of N.Y., 110 AD3d 621 [1st Dept 2013] [termination of employment]; Gaffney v City of New York, 101 AD3d 410, 410-411 [1st Dept 2012] [hostile work environment], lv denied 21 NY3d 858 [2013]). Among other things, the allegations relating to disability retirement recommendations of the Police Pension Fund's Medical Board are misdirected. The Police Pension Fund is a corporate entity independent and distinct from the police department or the City (see Administrative Code § 13-220), and is not plaintiff's employer. Defendants cannot be held liable for the Police Pension Fund's alleged adverse employment actions (see Freda v Board of Educ. of City of N.Y., 224 AD2d 360 [1st Dept 1996]; Matter of New York State Teachers' Retirement Sys. v New York State Div. of Human Rights, 83 Misc 2d 993 [Sup Ct, Albany County 1975]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: DECEMBER 27, 2018
CLERK