Desmond, J.
Appellate Division, Third Department, granted defendant leave to appeal from a nonfinal order denying defendant’s motion for summary judgment and certified a question as to whether said motion should have been granted.
*593 In 1950 a New York State trooper named Harold F. Meyers, riding in a State-owned automobile driven by another State trooper on State business, was killed when that ear collided with an automobile driven by Herbert J. Low, defendant-appellant here. The widow of the deceased officer Meyers applied for and was awarded workmen’s compensation insurance under a policy of workmen’s compensation issued to the State by the State Insurance Fund. Mrs. Meyers did not, nor did any other representative of the estate of Meyers, commence any third-party suit against Low, the driver of the other car, within the times fixed by subdivisions 1 and 2 of section 29 of the Workmen’s Compensation Law. Her failure so to do operated (under that statute) as an assignment of the Meyers cause of action against Low to the State Insurance Fund as the workmen’s compensation insurer for the State of New York as employer of Meyers.
In February, 1952 the State Insurance Fund, as such statutory assignee, brought, through its Commissioners, the present action seeking damages from Low on the theory that his negligence alone caused the fatal collision. It was met with a defense of res judicata pleaded in the answer of Low. In that defense Low alleged, as is the fact, that Low, defendant in this present suit, had brought a suit of his own in the Court of Claims against the State alleging that the accident in which Meyers had been killed had been caused by the sole negligence of the State’s agent, that is, the other trooper who was driving the State car. Low, defendant in our present suit, was, as his defense in this suit alleges, successful in that Court of Claims suit against the State and obtained a judgment against the State for damages for his personal injuries suffered in the collision on findings that the accident had been caused by the negligence of the State and that no negligence of Low had contributed thereto. Judgment against the State in favor of Low in that other suit was entered in May, 1952. That judgment was affirmed on appeal in December, 1952 (Low v. State of New York, 281 App. Div. 731) and has been paid. Low’s separate defense in the present action says that the State Insurance Fund is “ part of the State of New York ” and that, therefore, the plaintiffs Commissioners in this suit and the defendant State in the other suit are one and the same, wherefore, according to defendant, the judgment in the Court of Claims suit is res judicata that the *594 accident which is the subject matter of both suits was caused not by Low’s negligence as pleaded by plaintiffs in the present suit but solely by the negligence of the State of New York which, according to defendant, is the real plaintiff here.
Defendant moved for summary judgment on an affidavit showing the sequence of events and this motion was granted at Special Term.
Plaintiffs, Commissioners of the State Insurance Fund, appealed to the Appellate Division which unanimously reversed, granted leave to appeal to this court and certified a question to us as aforesaid.
The Presiding Justice’s opinion for the Appellate Division correctly stated that there is no exact precedent on the question of whether the State Insurance Fund and the State of New York have such identity that they are to be regarded as one and the same for present purposes. The Presiding Justice recognized that the Fund is to some extent an agency of the State and may be sued in the Court of Claims (Cardinal v. State of New York, 304 N. Y. 400; however, see amendment to Workmen’s Compensation Law, § 81, allowing the Fund to sue and be sued in its own name in certain instances). He called attention, however, to various statutory provisions in article 6 of the Workmen’s Compensation Law dealing with the Fund (see, also, N. Y. Const., art. I, § 18, authorizing a State system of compensation insurance). The Workmen’s Compensation Law sections do not make the Fund a separate corporation but certainly give it a measure of separate identity and require that it be managed by the Commissioners who appoint their own staff and who are required to apply actuarial rules to the management of the Fund. The Fund has its own attorney (Workmen’s Compensation Law, § 82) and we know from much experience in this court that it is never represented by the Attorney-General in its numerous litigations. That general attorney is specially authorized by statute (§ 84) to bring these section 29 subrogation-assignment suits. The State Commissioner of Taxation and Finance is the custodian of the Fund (§ 85). However, in fixing and collecting premiums, in maintaining surplus and reserve, and in the requirement that it be examined by the State Superintendent of Insurance (§ 99) as to investments, reserves, etc., the Fund is treated by the statute much like a private insurance company. State budgetary laws do not apply to the *595 Fund (§81). In section 93 there is specific provision that the Fund bring suits in its own name for unpaid premiums. We know from numerous cases in this court that “ State Insurance Fund ” appears in that name as a separate party in this court and in the Appellate Division, sometimes being opposed by the State itself (or other State agency) as a separate party on the other side of a lawsuit. Section 84 {supra), which has been in the Workmen’s Compensation Law since 1938, makes it clear that the Fund is not to be represented by the Attorney-General but by an attorney appointed and removable by the Commissioners (§ 82). From all of this it appears that the Fund, while it is not a separate corporation and while it is an agency of the State in one sense, is nevertheless treated by the statutes as a separate insurance business (see requirement that it pay franchise tax, Tax Law, § 187, subd. 6) and that, especially in litigations, it is considered to be an entity separate from the State itself.
The Fund acts (as it did in this case) as workmen’s compensation insurer of the State of New York (and other employers) in the coverage of employees. The Fund pays its own administration expenses, the State Department of Audit and Control is reimbursed out of the Fund for auditing the expenditures and the State itself pays to the Fund workmen’s compensation insurance premiums for State employees (see Workmen’s Compensation Law, §§ 88,151).
Strictly speaking, the defense here is not res judicata but collateral estoppel. That doctrine is elusive and difficult to apply case by case but it is essentially a rule of justice and fairness. It involves not one but two rules of public policy. The first is that a question once tried out should not be relitigated between the same parties or their privies. The other public policy involved in collateral estoppel and res judicata, however, is that these doctrines must not be allowed to operate to deprive a party of an actual opportunity to be heard (see General Aniline & Film corp. v. Bayer Co., 305 N. Y. 479, 483; Matter of New York State Labor Relations Bd. v. Holland Laundry, 294 N. Y. 480, 493 et seq.; Polasky, Collateral Estoppel — Effects of Prior Litigation, 39 Iowa L. Rev. 217, 218). It is theoretically true, as appellant argues, that the State Insurance Fund is part of the State government of New York. However, it is factually certain that the State Insurance Fund had nothing to do with the defense of the State in the prior Court of Claims suit.
*596 There is certainly no statute or decision requiring us to hold that the Fund is precluded by the judgment against the State in the prior suit. We do not think such preclusion is required by any feature of the collateral estoppel rule as heretofore developed (see Israel v. Wood Dolson Co., 1 N Y 2d 116). It would be unreal to say that the plaintiffs in this present suit participated in the prior suit and we are admonished to be cautious in extending these doctrines to cases where a party might be deprived of a full day in court (Polasky, Collateral Estoppel — Effects of Prior Litigation, 39 Iowa L. Rev. 242, 250, supra).
A subsidiary but practical reason why the Commissioners should not be bound by the earlier suit is that the dependents of the deceased Meyers may themselves still have an interest in any recovery obtained here (see Workmen’s Compensation Law, § 29, subd. 2).
We see no particular pertinence here of Matter of State Ins. Fund v. Boyland (309 N. Y. 1009) which held that real property in New York City owned by the Fund was exempt from local real estate taxation as being State property.
The order appealed from should be affirmed, with costs, and the question certified answered in the negative.
Chief Judge Conway and Judges Dye, Fund, Froessel, Van Voorhis and Burke concur.
Order affirmed, etc.