■ In the Matter of the Claim of ARMANDO ALVAREZ, Respondent, v FREDERICK SNARE CORP. et al., Appellants, FREDERICK SNARE CORP. et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.—Appeals from decisions of the Workmen's Compensation Board, filed December 11, 1970, June 28, 1972 and September 27, 1974, insofar as they discharged the State Insurance Fund from liability and held that claimant's work in Guatemala was covered solely by the appellant carrier. Claimant, an engineer, was injured and subsequently died as the result of an automobile accident in Guatemala on April 13, 1968. At the time of the accident, he was serving as president of Quemco, a corporation formed under the laws of Guatemala by

Frederick Snare Corporation (Snare), a New York corporation, so that Snare could perform a construction job in Guatemala. In its decisions, the board ruled, *inter alia,* that claimant was a New York employee of the employers herein, that his work in Guatemala was covered by appellant Insurance Company of North America and that the State Insurance Fund should be discharged from liability because the policy which it issued to Snare covered only Snare employees working in New York. The central question presented on this appeal is whether there is substantial evidence to support the board's finding that the State fund policy covered only those employees working in New York, and we find that there is. Initially, we would note that, contrary to the contention of the State fund, there is clearly a justiciable issue before this court because the question of which carrier covered the claimant was repeatedly before the board and appellants made no admissions which would resolve this question. As to the extent of coverage offered by the State fund policy, however, evidence was presented to the effect that when Snare wished to obtain out-of-State or out-of-country coverage from the State fund, it did so by specific indorsement, and Snare's insurance manager testified that the last time such indorsements were issued was "years ago". Moreover, from July 1, 1966 through the time of the accident, the claimant's salary was not included in the State fund's determination of premiums, and, in fact, there is no evidence of the State fund's having received a premium on the claimant in the two years preceding the accident. With such support in the record as this, the board's determination must be affirmed *(Matter of Kleppe v National Fuel Terms.,* 35 AD2d 1033). Decisions affirmed, with costs to respondents filing briefs. Herlihy, P. J., Greenblott, Koreman, Main and Reynolds, JJ., concur.