CHONG PARK *v.* KYE JA CHOI ET AL.
(AC 16458)

O'Connell, C. J., and Landau and Hennessy, Js.

Argued June 3—officially released September 9, 1997

*James D. Moran, Jr.*, with whom was *Maureen E. Driscoll*, for the appellants (named defendant et al.).

*Michael J. Belzer*, assistant attorney general, with whom, on the brief, were *Richard Blumenthal*, attorney general, and *William J. McCullough*, assistant attorney general, for the appellee (defendant second injury fund).

*Opinion*

O'CONNELL, C. J. The named defendant, Kye Ja Choi (employer), and the defendant insurance carrier, the New York state insurance fund (fund), appeal from a decision rendered against them by the compensation review board (review board) in a dispute arising out of a workers' compensation claim. The issue is whether the review board improperly concluded that the fund provided coverage for the plaintiff employee's compensable injury in Connecticut.[1]

An examination of the review board's record discloses the following pertinent facts. On June 3, 1994, the plaintiff sustained a compensable injury to his eye while removing asbestos from a job site in Hartford. At the time of the injury, the plaintiff was employed by a New York employer insured by the fund for workers' compensation. The policy issued by the fund expressly limited coverage to operations in the state of New York, except as expanded by endorsement. There was not, however, an extraterritorial endorsement attached to the policy, nor any testimony or documentary evidence offered to the commissioner to suggest that coverage extended beyond the borders of New York.

The commissioner found that the plaintiff was entitled to Connecticut benefits and ordered the employer and the fund to pay the workers' compensation award within ten days. Additionally, the commissioner stated that if the employer and the fund failed to pay within the time frame given, the defendant second injury fund of Connecticut (second injury fund) would be required to pay the award pursuant to General Statutes § 31-355.[2] The employer and the fund appealed to the review

---

[1] The fund is a quasi-state agency that operates as a private insurer. *Badarie* v. *Charles B. Gols, Inc.*, 25 App. Div. 2d 79, 80, 267 N.Y.S.2d 447 (1966) ("[w]e see no reason to put the [f]und under a different standard of risk than that expected of other carriers").

[2] General Statutes § 31-355 (b) provides in pertinent part: "When an award of compensation has been made under the provisions of this chapter against

board, which relied on General Statutes § 31-343[3] and affirmed the commissioner's findings.[4] We now reverse the review board's decision.

First, it is essential to clarify that the issue here is not whether the plaintiff has a right to file for workers' compensation benefits in Connecticut, but whether the review board incorrectly concluded that the fund was required to pay the Connecticut benefits once they were awarded to the plaintiff. The second injury fund has erroneously confused the two issues.

The second injury fund mistakenly relies on *Cleveland* v. *U.S. Printing Ink, Inc.*, 218 Conn. 181, 588 A.2d 194 (1991), and thus argues that the review board's decision was correct. *Cleveland,* as applied to this case, stands for the proposition that the plaintiff has a right to file for Connecticut benefits. Specifically, the *Cleveland* court stated: "Thus, in addition to providing workers' compensation benefits to those employed pursuant to contracts executed within Connecticut, if an employee had been injured in Connecticut during the course of his employment but the employment contract had been

an employer who fails or is unable to pay medical and surgical aid or hospital and nursing service required under this chapter or any type of compensation for disability, or both . . . and whose insurer fails or is unable to pay the compensation, such compensation shall be paid from the Second Injury Fund. . . ."

[3] General Statutes § 31-343 provides: "As between any such injured employee or his dependent and the insurer, every such contract of insurance shall be conclusively presumed to cover the entire liability of the insured, and no question as to breach of warranty, coverage or misrepresentation by the insured shall be raised by the insurer in any proceeding before the compensation commissioner or on appeal therefrom."

[4] The commissioner also issued a penalty against the employer for failure to carry workers' compensation insurance in Connecticut. The review board reversed this award on the ground that it conflicts with the statutorily mandated presumption of coverage. The review board stated that such a penalty is premature and "should not be issued until and unless another tribunal has interpreted the insurance policy issued by the [f]und to exclude coverage of the [plaintiff's] Connecticut injury." Since this finding is irrelevant to this court's decision, it will not be addressed here.

executed in another state that did not give extraterritorial effect to its own workers' compensation act, the contract was interpreted as having implicitly incorporated Connecticut's Workers' Compensation Act [General Statutes § 31-275 et seq.] within its terms unless the act had been explicitly rejected by one of the parties." Id., 189. Thus, although *Cleveland* gives an employee a right to Connecticut benefits, it does not address the question of who remains liable for such payments. There is no dispute here that the review board has jurisdiction over the plaintiff's claim and that he was entitled to apply for Connecticut benefits.

In the present case, however, the review board's reliance on § 31-343 to conclude that the fund is responsible for the payment of the award is misplaced because that statute assumes that the policy issued to the employer provides coverage in Connecticut pursuant to General Statutes § 31-340 before § 31-343 can be implicated. The fund policy clearly limited its coverage to job-related injuries occurring in New York. Moreover, neither party offered any evidence to suggest that the policy covered job-related injuries in Connecticut. For that reason, a § 31-343 analysis is never reached.

The Connecticut courts cannot attempt to rewrite a New York insurance policy that clearly excludes extraterritorial coverage. The practical effect of such an attempt would be to reach over the state line and improperly assert jurisdiction over the fund. The court would be met at the state line by *Alvarez* v. *Frederick Snare Corp.*, 50 App. Div. 2d 643, 374 N.Y.S.2d 438 (1975). The *Alvarez* court found that a policy issued by the fund that limited coverage to New York operations was valid. In that case, the court held that had the employer wanted to obtain out-of-state coverage or international coverage, a specific endorsement was required. Id., 644.

Thus, the New York courts recognize the express limiting language of fund policies that do not carry extraterritorial coverage. We cannot now hold that law to be superfluous, since the practical effect would be to render out-of-state insurance carriers vulnerable to claims filed against them in all fifty states, even when such coverage was not contemplated, paid for or intended.

The judgment is reversed and the case is remanded to the compensation review board for further proceedings not inconsistent with this opinion.

In this opinion the other judges concurred.