MILTON L. HARRISON, Employee-Plaintiff v. TOBACCO TRANSPORT, INC., Employer, NON-INSURED, Defendant, and/or CNA INSURANCE COMPANIES, Carrier; Defendants

No. COA99-1058

(Filed 15 August 2000)

**1. Workers' Compensation— Kentucky policy—Kentucky law—no North Carolina coverage**

The Industrial Commission did not err by not applying Kentucky law to determine whether a workers' compensation insurance policy provided coverage for plaintiff's injury where defendant-employer was a Kentucky corporation with its principal place of business in Kentucky, plaintiff was hired in North Carolina by a supervisor for defendant, plaintiff testified that he sometimes worked for the supervisor but did not know the name of the supervisor's employer or that the employer was located in Kentucky, and plaintiff resided in North Carolina, performed his work here, was injured here, and never traveled outside of North

HARRISON v. TOBACCO TRANSP., INC.

[139 N.C. App. 561 (2000)]

Carolina. Although defendant argued that Kentucky's full coverage statute applied, plaintiff's injuries were not "subject to this chapter" under the plain language of that statute.

**2. Workers' Compensation— Kentucky policy—language of policy—no North Carolina policy**

A workers' compensation insurance carrier was properly dismissed from a workers' compensation proceeding where the plain language of the policy provided competent evidence sufficient to uphold the Commission's determination that the policy did not provide workers' compensation insurance to defendant in North Carolina. No states were listed where required for coverage by the plain language of the "Other States Insurance" provision; that subparagraph was not altered by an amendatory endorsement; the amended version also referred to the section in which no other states were listed; and defendant did not meet the requirements for the amended subparagraph to apply.

**3. Workers' Compensation— attorney fees—employer's dispute with insurer—refusal to compensate**

The Industrial Commission did not abuse its discretion in a workers' compensation action by awarding attorney fees where it was undisputed that plaintiff suffered a compensable injury in 1994; compensation for that injury is the ultimate responsibility of the employer, defendant; and defendant's refusal to compensate plaintiff pending the outcome of its litigation with the insurer prevented plaintiff from receiving the full amount of his compensation for about six years.

**4. Workers' Compensation— Kentucky policy—no North Carolina coverage—employer fined**

The Industrial Commission did not err by assessing a fine against defendant where it had been determined in the same workers' compensation action that a Kentucky policy did not provide worker's compensation insurance for plaintiff's North Carolina injuries. Defendant failed to procure necessary insurance for its North Carolina operations and thus violated N.C.G.S. § 97-94.

**5. Appeal and Error— cross-assignment of error—issues not providing alternate basis for judgment—not considered**

A workers' compensation plaintiff's cross-assignments of error concerning a Kentucky insurance policy which did not pro-

**HARRISON v. TOBACCO TRANSP., INC.**

[139 N.C. App. 561 (2000)]

vide North Carolina coverage and the failure to assess a late payment penalty were not preserved for appeal where they would not have provided an alternative basis in law for upholding the order and award of the Industrial Commission. Plaintiff should have filed a cross-appeal.

Appeal by defendant Tobacco Transport, Inc., from opinion and award entered 16 April 1999 by the North Carolina Industrial Commission. Heard in the Court of Appeals 17 May 2000.

*Stephen N. Camak for plaintiff-appellee.*

*Maupin Taylor & Ellis, P.A., by M. Keith Kapp and Kevin W. Benedict, for defendant-appellant Tobacco Transport, Inc.*

*Teague, Campbell, Dennis & Gorham, L.L.P., by Thomas M. Clare and Tracey L. Jones, for defendant-appellee CNA Insurance.*

MARTIN, Judge.

In October 1994 plaintiff Milton L. Harrison ("plaintiff") was employed by defendant Tobacco Transport, Inc. ("Tobacco Transport") for the unloading of tobacco bales from trucks. On 10 October 1994 plaintiff was unloading a truck for Tobacco Transport in Kinston, North Carolina, when he fell approximately 20 feet onto a concrete surface, sustaining serious injuries. Plaintiff has incurred substantial expenses for medical treatment and has been unable to work since the date of the accident.

Tobacco Transport is a Kentucky corporation with its principal place of business in Milltown, Kentucky. Plaintiff was hired in North Carolina to perform work for Tobacco Transport by Freddy Todd, a Tobacco Transport supervisor. Plaintiff testified that he sometimes worked for Mr. Todd, and that he did not know the name of Mr. Todd's employer or that the employer was located in Kentucky. Plaintiff resided in North Carolina, was hired in North Carolina, performed his work for Tobacco Transport in this State, and was injured here. Plaintiff never performed work for Tobacco Transport in Kentucky; indeed, he testified that he had never traveled outside of North Carolina.

Plaintiff filed this workers' compensation claim in North Carolina on 20 May 1996. At the time of plaintiff's accident, Tobacco Transport carried workers' compensation insurance under a policy issued by

defendant CNA Insurance Companies ("CNA"). With respect to coverage for injuries sustained outside of Kentucky, the policy contains the following relevant provisions:

"Information Page"

ITEM 3.A. Workers' Compensation Insurance: Part One of the policy applies to Workers' Compensation Law of the states listed here:

16-Kentucky

C. Other States Insurance: Part Three of the Policy applies to the states, if any, listed here:

[none listed]

"Part Three—Other States Insurance"

A. How This Insurance Applies

1. This other states insurance applies only if one or more states are shown in Item 3.C. of the Information Page.

The policy also contains an endorsement amending the "Other States Insurance" provision. The endorsement provides as follows:

2. If you begin work in any one of those states after the effective date of the policy and are not insured or are not self-insured for such work, all provisions of the policy will apply as though that state were listed in Item 3.A. of the Information Page.

4. If you have work on the effective date of this policy in any state not listed in Item 3.A. of the Information Page, coverage will not be afforded for that state unless we are notified within thirty days.

All parties have stipulated that plaintiff sustained a compensable injury on 10 October 1994. CNA, however, declined coverage, contending its policy does not provide coverage for injuries sustained by Tobacco Transport's workers employed in North Carolina. On 30 April 1998, the deputy commissioner issued an opinion and award in favor of CNA, and on 16 April 1999 the Full Commission affirmed, concluding that the policy did not provide Tobacco Transport with coverage in North Carolina. The Commission dismissed CNA from the action, ordered Tobacco Transport to pay compensation and reasonable medical expenses to plaintiff, and, in addition, to pay plaintiff's reasonable attorney's fees and a fine in the amount of $50.00 per

day each day past 10 October 1994 for its failure to provide workers' compensation insurance in North Carolina. Tobacco Transport appeals.

---

By its five assignments of error, Tobacco Transport contends the Commission erred in ruling that the CNA policy does not provide coverage for its North Carolina operations, in dismissing CNA as a party, in requiring Tobacco Transport to pay plaintiff's attorney's fees; and in imposing a fine against Tobacco Transport for its failure to provide plaintiff with workers' compensation benefits. We affirm.

The standard of appellate review of decisions of the Industrial Commission consists of a determination of whether the Full Commission's findings of fact are supported by competent evidence, and whether its conclusions of law are supported by those findings. *Calloway v. Memorial Mission Hosp.*, 137 N.C. App. 480, 528 S.E.2d 397 (2000). "Under the first inquiry, the findings of fact are conclusive on appeal so long as they are supported by any competent evidence, even if other evidence would support contrary findings." *Id.*; *see also Lewis v. Sonoco Products Co.*, 137 N.C. App. 61, 526 S.E.2d 671 (2000).

I.

[1] Tobacco Transport assigns error to the Commission's determination that the CNA policy does not provide coverage for plaintiff's North Carolina injuries. Specifically, Tobacco Transport argues that the Commission should have applied Kentucky's "full coverage" statute to conclude that plaintiff's injuries were covered by the CNA policy, but that in any event, the plain language of the amendatory endorsement to the "Other States Insurance" provision of the policy clearly extends coverage to North Carolina.

Tobacco Transport first argues that because plaintiff was employed by Tobacco Transport and was working on its payroll with the knowledge and consent of Tobacco Transport's president, Kentucky's full coverage statute applies to mandate coverage for plaintiff's injuries. "With insurance contracts the principle of *lex loci contractus* mandates that the substantive law of the state where the last act to make a binding contract occurred, usually delivery of the policy, controls the interpretation of the contract." *Fortune Ins. Co. v. Owens*, 351 N.C. 424, 428, 526 S.E.2d 463, 466 (2000) (citation omitted).

The full coverage provision of Kentucky's Workers' Compensation Act provides that "[e]very policy or contract of workers' compensation insurance under this chapter, issued or delivered in this state, shall cover the entire liability of the employer for compensation to each employee subject to this chapter . . . ." K.R.S. 342.375 (1998). While the CNA policy was indeed issued to Tobacco Transport in Kentucky, Tobacco Transport's argument ignores the plain language of this provision that requires an employee to be "subject to this chapter" in order for the full coverage provision to apply. Whether an employee working in another state is subject to Kentucky's Workers' Compensation Act, and thus, the full coverage provision, is determined by the following provisions set forth in section 342.670 of the Kentucky Act:

> (1) If an employee, while working outside the territorial limits of this state, suffers an injury on account of which he . . . would have been entitled to the benefits provided by this chapter had that injury occurred within this state, that employee . . . shall be entitled to the benefits provided by this chapter, if at the time of the injury:
>
> (a) His employment is principally localized in this state, or
>
> (b) He is working under a contract of hire made in this state in employment not principally localized in any state, or
>
> (c) He is working under a contract of hire made in this state in employment principally localized in another state whose workers' compensation law is not applicable to his employer, or
>
> (d) He is working under a contract of hire made in this state for employment outside the United States and Canada.

K.R.S. 342.670 (1998).

In the present case, plaintiff's employment with Tobacco Transport was not localized in Kentucky; plaintiff had never been to Kentucky, nor did plaintiff know that he was working for a Kentucky corporation. Rather, plaintiff's contract of hire was entered into in North Carolina, and all of plaintiff's employment duties with Tobacco Transport were executed in North Carolina. Under the plain language of K.R.S. 342.670, plaintiff's injuries are not "subject to this chapter" containing Kentucky's full coverage provision, and the Commission therefore did not err in failing to apply Kentucky law.

[2] Tobacco Transport also argues that, applying North Carolina rules of contract interpretation, the plain language of the CNA policy

provides coverage for plaintiff's injuries; alternatively, it contends the policy language is ambiguous, requiring that the policy be interpreted in favor of providing coverage. Both North Carolina and Kentucky apply the principle of construction that where the language of an insurance policy is clear and unambiguous, the language must be accorded its plain meaning. *See Nationwide Mut. Fire Ins. Co. v. Grady*, 130 N.C. App. 292, 502 S.E.2d 648 (1998); *Pierce v. West American Ins. Co.*, 655 S.W.2d 34 (1983). "Ambiguity in the terms of the policy is not established simply because the parties contend for differing meanings to be given to the language. Non-technical words are to be given their meaning in ordinary speech unless it is clear that the parties intended the words to have a specific technical meaning." *Allstate Ins. Co. v. Runyun Chatterton*, 135 N.C. App. 92, 95, 518 S.E.2d 814, 816-17 (1999) (citations omitted), *disc. review denied*, 351 N.C. 350, —— S.E.2d —— (2000).

In the present case, the Commission found that the relevant policy provisions are not ambiguous and must be accorded their plain and ordinary meaning. The Commission found that under section 3.C. of the Information Page, the policy clearly states that the "Other States Insurance" provision applies only to those states listed under section 3.C., which, in Tobacco Transport's policy, listed no states. The Commission also found that subparagraph 1 of the "Other States Insurance" provision clearly states that the provision only applies if one or more states are listed under section 3.C.

With respect to the effect of the amendatory endorsement to the "Other States Insurance" provision, the Commission found that, under subparagraph 2 as amended, had Tobacco Transport begun work after the effective date of the policy in any of "those states" listed under section 3.C., the policy would have covered injuries sustained in "those states." However, because no states were listed under section 3.C., the Commission found that the policy could not cover North Carolina. The Commission declined to adopt Tobacco Transport's interpretation that "those states" refers to the list of states to which the amendatory endorsement applies, but rather, found that the phrase clearly refers to those states listed under section 3.C.

Regarding the amended subparagraph 4, the Commission found that, if Tobacco Transport had worked in North Carolina on 1 December 1993, the effective date of the policy, coverage would have existed for plaintiff's injuries so long as Tobacco Transport had notified CNA within 30 days of its North Carolina operations. However,

the Commission found that Tobacco Transport was not working in North Carolina on 1 December 1993. The Commission concluded that the CNA policy provides coverage for Kentucky only.

While the Commission's findings regarding the interpretation of the policy language are mixed findings of fact and conclusions of law, and thus fully reviewable, *see Royster v. Culp, Inc.*, 343 N.C. 279, 470 S.E.2d 30 (1996), we nevertheless agree with the Commission's interpretation of the policy language, and hold that it supports the conclusion of law that on 10 October 1994 Tobacco Transport was not covered for workers' compensation insurance in North Carolina. We agree with the Commission that the language of subparagraph 1 of the "Other States Insurance" provision unambiguously states that the provision applies "only if one or more states are shown in item 3.C. of the Information Page." This subparagraph was not altered by the amendatory endorsement, and no states were listed under section 3.C.

We further agree with the Commission that the plain language of subparagraph 2 of "Other States Insurance," as amended, appears to refer to "those states" listed under section 3.C. of the policy, where no states were listed. Moreover, for amended subparagraph 4 to apply to North Carolina, the language unambiguously requires that Tobacco Transport must have worked in North Carolina on the effective date of the policy, and that it have notified CNA of such work within 30 days of that date. The Commission found, and the evidence supports the finding that Tobacco Transport did not meet these requirements.

The plain language of the policy provides competent evidence sufficient to uphold the Commission's determination that the CNA policy did not provide workers' compensation insurance to Tobacco Transport in North Carolina. Thus, CNA was properly dismissed as a party to this action.

II.

[3] Tobacco Transport next assigns error to the Commission's award of attorney's fees to plaintiff. Under G.S. § 97-88.1, the Commission may award attorney's fees if it determines that "any hearing has been brought, prosecuted, or defended without reasonable ground." N.C. Gen. Stat. § 97-88.1 (1999). In addition, the Commission may award fees where the party instituting the proceeding has reasonable grounds to do so, if as a result of the proceeding, the party is ordered

to make or continue making benefit payments to the injured worker. *Lewis v. Sonoco Products Co.* at 69, 526 S.E.2d at 676. "The decision of whether to make such an award, and the amount of the award, is in the discretion of the Commission, and its award or denial of an award will not be disturbed absent an abuse of discretion." *Id.* at 71, 526 S.E.2d at 677 (citation omitted). An abuse of discretion results only where a decision is "manifestly unsupported by reason or is so arbitrary that it could not have been the result of a reasoned decision." *Long v. Harris*, 137 N.C. App. 461, 465, 528 S.E.2d 633, 635 (2000).

In the present case, the Commission found as follows:

21. Defendant-employer has defended this case on unreasonable grounds. Although there was a genuine issue as to whether defendant-carrier was on the risk, defendant-employer is responsible for plaintiff's work injury. Defendant-employer has not raised credible evidence to dispute the nature and extent of plaintiff's compensable injury. Plaintiff should not go without any workers' compensation benefits while defendants litigate the coverage issue. Defendant-employer's failure to pay plaintiff the benefits to which he is entitled, pending resolution of the coverage dispute, constitutes unfounded litigiousness, entitling plaintiff to reasonable attorney's fees.

Based on this finding, the Commission concluded that "[p]laintiff is entitled to reasonable attorney fees for defendant-employer's unreasonable defense of plaintiff's injury by accident. N.C. Gen. Stat. § 97-88.1."

We do not believe the Commission's award of attorney's fees was "manifestly unsupported by reason," or "so arbitrary that it could not have been the result of a reasoned decision." It is undisputed that plaintiff suffered a compensable injury in 1994, compensation for which is the ultimate responsibility of the employer under North Carolina's workers' compensation laws. Tobacco Transport's refusal to compensate plaintiff pending the outcome of its litigation with CNA with respect to coverage has, for approximately six years, prevented plaintiff from receiving the full amount of compensation to which he is entitled under the laws of this State. Under these circumstances, we hold the Commission's award of attorney's fees was neither arbitrary nor unreasoned. This assignment of error is overruled.

III.

**[4]** Tobacco Transport also assigns error to the Commission's assessment of a fine against it in the amount of $50.00 per each day past 10 October 1994. The order was based on the following findings:

19. As of 10 October 1994, defendant-employer had failed to secure workers' compensation insurance for accidents in the State of North Carolina. Plaintiff's accident on that date occurred in Kinston, North Carolina; plaintiff is a North Carolina resident; defendant-employer has a North Carolina registered office address of 1042 Washington Street, Raleigh, North Carolina and employed three (3) or more employees in North Carolina in 1994.

20. On 10 October 1994, defendant-employer was engaged in interstate commerce through its business of transporting of tobacco, yet only contracted and paid for workers' compensation insurance for accidents arising under Kentucky law. Therefore, defendant-employer is subject to the penalty provisions of N.C. Gen. Stat. § 97-94.

Based on these findings, the Commission concluded that Tobacco Transport is subject to the penalty provision of G.S. § 97-94.

G.S. § 97-94 provides, in pertinent part:

(b) Any employer required to secure the payment of compensation under this Article who refuses or neglects to secure such compensation shall be punished by a penalty of one dollar ($1.00) for each employee, but not less that fifty dollars ($50.00) nor more than one hundred dollars ($100.00) for each day of such refusal or neglect, and until the same ceases; and he shall be liable during the continuance of such refusal or neglect to an employee either for compensation under this Article or at law at the election of the injured employee.

N.C. Gen. Stat. § 97-94(b).

Since we have affirmed the Commission's ruling that the CNA policy does not provide coverage for plaintiff's North Carolina injuries, the Commission correctly determined that Tobacco Transport had failed to procure necessary insurance for its North Carolina operations, and thus, that Tobacco Transport is in violation of G.S. § 97-94. Its order assessing the fine is affirmed.

.

IV.

[5] By purported cross-assignments of error, plaintiff attempts to argue that the Commission erred both in concluding that the CNA policy did not cover plaintiff's North Carolina injuries, and in failing to assess a 10% late payment penalty against Tobacco Transport pursuant to G.S. § 97-18(g). N.C.R. App. P. 10(d) provides that "an appellee may cross-assign as error any action or omission of the trial court . . . which deprived the appellee of an alternative basis in law for supporting the judgment . . . from which appeal has been taken." Neither of plaintiff's cross-assignments of error, if sustained, would provide an alternative basis for upholding the order and award of the Commission. In order to properly present the alleged errors for appellate review, plaintiff should have filed a cross-appeal. *See Atlantic Veneer Corp. v. Robbins*, 133 N.C. App. 594, 516 S.E.2d 169 (1999); *Cox v. Robert C. Rhein Interest, Inc.*, 100 N.C. App. 584, 397 S.E.2d 358 (1990). Plaintiff has failed to do so, and we therefore do not consider his arguments. *See Mann Contractors, Inc. v. Flair with Goldsmith Consultants-II, Inc.*, 135 N.C. App. 772, 522 S.E.2d 118 (1999).

Affirmed.

Judges WYNN and McGEE concur.