LAWRENCE CHAVIS, EMPLOYEE, PLAINTIFF V. THETFORD PROPERTY MANAGEMENT, INC., EMPLOYER, AND LEGION INSURANCE COMPANY (MANAGED CARE USA, SERVICING AGENT), CARRIER, DEFENDANTS

No. COA02-497

(Filed 7 January 2003)

**Workers' Compensation— attorney fees—claim defended without reasonable ground**

The Industrial Commission did not abuse its discretion in a workers' compensation case by awarding attorney fees to plaintiff's attorney under N.C.G.S. § 97-88.1 based on defendants' actions of defending the claim without reasonable ground by its

appeal to the Full Commission and for not paying a claim defendants admitted was compensable just before the hearing before the Deputy Commissioner, because: (1) defendants do not offer any reasonable ground for defending the claim; and (2) defendants have not paid any medical or indemnity compensation to plaintiff, and plaintiff has subsisted on six weeks of disability insurance payments and twenty-six weeks of unemployment.

Appeal by defendants from opinion and award filed 19 December 2001 by the North Carolina Industrial Commission. Heard in the Court of Appeals 23 December 2002.

*Goodwin Law Offices, by George Wayne Goodwin, for plaintiff appellee.*

*Hedrick, Eatman, Gardner & Kincheloe, L.L.P., by Jennifer Ingram Mitchell, for defendant appellants.*

McCULLOUGH, Judge.

Plaintiff Lawrence Chavis was working as a maintenance supervisor for defendant-employer, Thetford Property Management, Inc., on 4 December 1997. On this date, as plaintiff backed down steps holding a paint can in his left hand, he slipped and fell, injuring his left knee. He informed his supervisor of the injury, and the employer filed a Form 19, "Employer's Report of Injury to Employee" on the same date. Plaintiff filed a Form 18, "Notice of Accident to Employer" on 19 February 1998, and on 23 February 1998, filed a request that his claim be assigned for hearing. He alleged that defendants had not paid any benefits or accepted his claim as compensable. Defendants filed a response in which they denied that plaintiff sustained an injury by accident arising out of and in the course of the employment.

Deputy Commissioner Theresa B. Stephenson conducted a hearing on 24 March 2000 and after receiving deposition testimony of two other witnesses, filed an opinion and award on 30 January 2001 awarding compensation for temporary total disability from 4 December 1997 through 16 February 1998 and again from 25 May 1999 until further order of the Commission. The opinion and award reflected, as a stipulation, that just before the hearing, defendants informed the Deputy Commissioner they would accept the claim as compensable.

Defendants filed an application for review of the Deputy Commissioner's decision on 19 October 2001. The Commission

entered the same award of compensation for temporary total disability as the Deputy Commissioner. The Commission additionally found that defendants defended the claim without reasonable ground. It awarded a fee pursuant to N.C. Gen. Stat. § 97-88 (2001) in the amount of $1,000 to plaintiff's attorney for defending the appeal to the Commission. It also ordered defendants to pay an amount equal to 25% of all compensation amounts "without deduction from the compensation to be paid to plaintiff, to plaintiff's attorney as reasonable attorney fees pursuant to N.C. Gen. Stat. § 97-88.1 and such amounts are hereby taxed as costs to defendants." The Commission also directed that defendants pay directly to plaintiff's counsel "at the same time defendants pay every fourth check to plaintiff (and this does NOT mean that defendants do not make weekly payments of compensation to plaintiff) they shall pay a like amount directly to plaintiff's attorney."

Defendants' sole contention on appeal is that the Commission abused its discretion by making the above award of attorney fees pursuant to N.C. Gen. Stat. § 97-88.1. The Commission may award attorney fees if it determines that "any hearing has been brought, prosecuted, or defended without reasonable ground[.]" N.C. Gen. Stat. § 97-88.1. The purpose of this statute is to prevent stubborn, unfounded litigiousness which is inharmonious with the primary purpose of the Workers' Compensation Act to provide compensation to injured workers. *Beam v. Floyd's Creek Baptist Church*, 99 N.C. App. 767, 768, 394 S.E.2d 191, 192 (1990). The decision whether to make such award, and the amount, is in the discretion of the Commission and will not be disturbed on appeal absent an abuse of discretion. *Troutman v. White & Simpson, Inc.*, 121 N.C. App. 48, 54-55, 464 S.E.2d 481, 486 (1995), *disc. review denied*, 343 N.C. 516, 472 S.E.2d 26 (1996). An abuse of discretion will be found only when the decision is manifestly unsupported by reason or is so arbitrary that it could not have been the product of a reasoned decision. *Long v. Harris*, 137 N.C. App. 461, 464-65, 528 S.E.2d 633, 635 (2000).

Defendants argue that since they have not appealed or contested the Commission's award of benefits to plaintiff, the award of a fifth check to plaintiff's attorney constituted an abuse of discretion. We disagree.

The Full Commission assessed defendants with the attorney fee, not for bringing the present appeal, but for appealing to the Full Commission and for not paying a claim defendants admitted was compensable just before the hearing before the Deputy

Commissioner. Defendants in their brief to this Court do not offer any reasonable ground for defending the claim. They do not cite any evidence to support a reasonable defense. In fact, they do not include any of the evidence in the record on appeal.

In *Harrison v. Tobacco Transp., Inc.*, 139 N.C. App. 561, 533 S.E.2d 871, *disc. review denied*, 353 N.C. 263, 546 S.E.2d 96 (2000), the Commission awarded attorney fees pursuant to N.C. Gen. Stat. § 97-88.1, finding the defendant-employer had not raised credible evidence to dispute the nature and extent of the plaintiff's compensable injury. The Commission stated that the plaintiff should not have been denied compensation while the employer and the carrier litigated an issue as to whether the carrier's policy covered plaintiff's injury in North Carolina. This Court upheld the award, noting that plaintiff endured six years without receiving any compensation from the employer for an admittedly compensable injury.

Here, although the Commission did not make an express finding that defendants failed to present credible evidence to dispute the nature and extent of the injury, it did find that the testimony of defendants' vocational rehabilitation counselor had little weight because the counselor failed to perform a functional capacity examination, failed to obtain plaintiff's current physical abilities, failed to obtain any specific job descriptions, or failed to engage in any active search for jobs plaintiff could perform and actually obtain. Based upon the record before us, it appears that as of the date of the Commission hearing, 11 December 2001, defendants had not paid any compensation, neither medical nor indemnity, to plaintiff. The Commission's findings of fact reflect that plaintiff was out of work from 4 December 1997 through 16 February 1998 and again from 25 May 1999 through the date of the Commission hearing. During this time period, plaintiff subsisted on six weeks of disability insurance payments and 26 weeks of unemployment. Under these circumstances, we do not find the Commission abused its discretion by ordering defendants to pay the attorney fee.

The opinion and award is affirmed.

Affirmed.

Chief Judge EAGLES and Judge HUDSON concur.