## SMITH v. DENROSS CONTR'G, U.S., INC.

[224 N.C. App. 479 (2012)]

JAMES ARTHUR SMITH, Employee, Plaintiff

v.

DENROSS CONTRACTING, U.S., INC., Employer, NONINSURED, and DENNIS
BARRETT Individually, and THE NEW YORK STATE INSURANCE FUND, Carrier; and
KAPSTONE KRAFT PAPER, Employer, SENTRY INSURANCE, Carrier, Defendants

No. COA12-169

Filed 18 December 2012

**1. Workers' Compensation—jurisdiction—insurance company—
separate from the State of New York—no sovereign immunity**

The Industrial Commission did not err in a workers' compensation case by concluding that New York State Insurance Fund (NYSIF) was subject to the jurisdiction of the Commission. NYSIF acted as an insurance company separate from the State of New York and was not entitled to sovereign immunity in North Carolina courts.

**2. Workers' Compensation—insurance coverage—compensable
injuries—estoppel from denial of coverage**

The Industrial Commission did not err in a workers' compensation case by concluding that plaintiff's injury was subject to coverage by the insurance policy between New York State Insurance Fund (NYSIF) and employer DenRoss. NYSIF was estopped from denying coverage of plaintiff's compensable injuries because its representations to DenRoss were sufficient for DenRoss to believe it had coverage from NYSIF for employees working outside of State.

**3. Workers' Compensation—insurance coverage—actions of
insurance carrier—quasi-estoppel applicable**

The Industrial Commission's unchallenged findings of fact in a workers' compensation case supported its conclusion that New York State Insurance Fund's (NYSIF) actions were sufficient to induce defendant employer DenRoss into believing NYSIF insured DenRoss employees working outside of New York State and that NYSIF's conduct gave rise to the application of the doctrine of quasi-estoppel.

**4. Workers' Compensation—late payment penalty—response
to notice of claim timely**

The Industrial Commission erred in a workers' compensation case by assessing a late payment penalty against New York State Insurance Fund (NYSIF) pursuant to N.C.G.S. § 97-18(j). NYSIF

**SMITH v. DENROSS CONTR'G, U.S., INC.**

[224 N.C. App. 479 (2012)]

responded to the notice of the claim of a compensable injury within thirty days of notice from the Commission, thus complying with the requirements of N.C.G.S. § 97-18(j).

### 5. Workers' Compensation—unreasonable defense of claim— attorney fees

The Industrial Commission erred in a workers' compensation case by concluding that New York State Insurance Fund (NYSIF) unreasonably defended this claim and awarding attorney fees pursuant to N.C.G.S. § 97-88.1 where NYSIF's denial of plaintiff's claim was not unreasonable.

Appeal by defendant The New York State Insurance Fund from Opinion and Award entered 12 October 2011 and amended 22 November 2011 by the North Carolina Industrial Commission. Heard in the Court of Appeals 15 August 2012.

*Hedrick, Gardner, Kincheloe & Garofalo, L.L.P., by Michael G. Soto and M. Duane Jones, for defendant-appellant The New York State Insurance Fund.*

*Wallace and Graham, P.A., by Whitney V. Wallace, for plaintiff-appellee.*

*Cranfill Sumner & Hartzog, LLP, by Ashley Baker White and Holland B. Ferguson, for defendants Kraft Paper and Sentry Insurance.*

BRYANT, Judge.

Where the New York State Insurance Fund accepted premium payments calculated by the Fund to provide workers' compensation liability insurance to employees of DenRoss Contracting, U.S., Inc., working in North Carolina with knowledge that DenRoss maintained only clerical staff in New York State, the Fund is estopped to deny coverage for plaintiff's compensable injuries on the basis of quasi-estoppel. Where the record indicates that the New York State Insurance Fund filed a denial of plaintiff's claim within thirty-days of notice of claim from the Commission, we reverse the Commission's sanction for late filing. Where the New York State Insurance Fund asserted a valid basis for contesting plaintiff's claim, we reverse the Commission's award for asserting an unreasonable defense.

In 2004, DenRoss Contracting, U.S., Inc., (DenRoss) contracted with the New York State Insurance Fund (NYSIF) to provide workers'

compensation coverage for its employees. NYSIF's New York Insurance Fund Workers' Compensation and Employers' Liability Policy specifically excluded from insurance liability coverage "bodily injury occurring outside the State of ." DenRoss was audited annually in person by a NYSIF auditor, and the policy was automatically renewed after the audit and the premiums were paid.

Prior to 2010, DenRoss worked at jobsites throughout the and providing maintenance service for paper mill machines. In September 2009, DenRoss entered into a contract with defendant Kapstone Kraft Paper (Kapstone) to clean and paint a paper machine located at Kapstone's plant in Roanoke Rapids, North Carolina. To perform the work, DenRoss hired twenty-four employees, including plaintiff James Smith.

On 3 October 2009, plaintiff was working at the Roanoke Rapids jobsite on a catwalk suspended twenty feet above the plant floor; the catwalk gave way; and plaintiff fell. Plaintiff suffered injuries including a heel fracture, a hip contusion, broken ribs, and a right knee injury. All parties have stipulated that plaintiff's injuries are compensable.

On 7 October 2009, plaintiff filed a Form 18 and later two amended forms giving notice of the accident to his employer and the claim of the employee with the North Carolina Industrial Commission. DenRoss filed a Form 61, Denial of Workers' Compensation Claim.

On its Form 61 denial of plaintiff's workers' compensation claim, DenRoss stated that it should not be held responsible for payment: its insurance carrier, NYSIF, had coverage of the claim; and Kapstone was the principal contractor and statutory employer.

Kapstone filed a Form 33R also denying liability for plaintiff's injuries. Kapstone listed defendant Sentry Insurance as its insurance carrier but contended that plaintiff was either an independent contractor or the employee of an independent contractor at the time of his compensable injury.

On 20 November 2009, Deputy Commissioner Adrian Phillips issued an order to compel DenRoss as follows:

> 1.    ... [E]ither begin making [workers' compensation]
>        payments immediately or notify the Commission of
>        a denial no later than Friday, November 20, 2009[.]

. . .

3.   If [DenRoss] is in compliance with N.C.G.S. []97-93
     and insurance is available, it is ORDERED that
     [DenRoss] must submit this compensable claim to
     its insurance carrier for payment immediately and
     ensure that all benefits to which Employee-
     Plaintiff is entitled under the Act are paid . . . ."

The order was not appealed, and no notification of a denial was provided the Industrial Commission.

On 3 May 2010, the case came on for hearing before Deputy Commissioner Phillips. In an Opinion and Award filed 15 March 2011, Deputy Commissioner Phillips ordered NYSIF to pay plaintiff temporary total disability compensation. NYSIF was also ordered to pay plaintiff's medical expenses incurred for the treatment of his injury by accident and attendant care expenses payable to Evelyn Troutman, plaintiff's mother. Commissioner Phillips further concluded that the denial of plaintiff's indemnity benefits was unreasonable and untimely; therefore, defendants were subject to a 10% penalty for outstanding benefits, medical treatment, and attendant care services.

Defendants appealed to the Full Commission (the Commission).

On 12 October 2011, the Commission filed an Opinion and Award setting forth the following issues: Whether NYSIF was subject to the jurisdiction of the Commission under the North Carolina Workers' Compensation Act; and whether NYSIF provided workers' compensation insurance for DenRoss in North Carolina. The Commission concluded that all parties were properly before it and were subject to and bound by the provisions of the North Carolina Workers' Compensation Act; and that the Commission had jurisdiction over the parties. The Commission further concluded that DenRoss was covered by NYSIF at the time of plaintiff's injury and ordered NYSIF to pay plaintiff temporary total disability compensation at the rate of $747.04 per week from 3 October 2009 until plaintiff returns to suitable employment; to pay current and future medical expenses and medical treatment provided for plaintiff's injury by accident; and to pay Evelyn Troutman for attendant care services at a rate of $11.00 per hour for nine hours a day for the period from 4 October 2009 to 26 December 2009.

The Commission also concluded that "[p]ayment of these indemnity benefits[, medical benefits and attendant care services] has been unreasonably and untimely denied, therefore; [sic] Defendants are

subject to a penalty of 10% [of the outstanding indemnity benefits, medical benefits, and attendant care services]. . . . N.C. GEN. STAT. § 97-18(j)." Based on the conclusion that defendants unreasonably defended plaintiff's claim, the Commission ordered NYSIF to pay plaintiff's counsel 25% of all accrued and past due benefits owed to plaintiff, not to be deducted from the sums due plaintiff, as well as 25% of all future indemnity benefits paid to plaintiff to be deducted from compensation owed plaintiff. NYSIF appealed to this Court.

On 22 November 2011, the Commission filed an amended Opinion and Award vacating a 24 May 2011 order entered by Deputy Commissioner Phillips after the Commission's 15 March 2011 Opinion and Award had been filed awarding attorney fees to plaintiff's counsel: the matter had been addressed in the Opinion and Award of the Commission. NYSIF appeals to this Court from the amended Opinion and Award of the Commission.

---

On appeal, NYSIF raises the following five issues: whether the Commission erred in (I) concluding that NYSIF was subject to the jurisdiction of the Commission; (II) concluding that plaintiff's injury was subject to coverage by the insurance policy between NYSIF and DenRoss; (III) concluding that NYSIF's actions were sufficient to induce DenRoss into believing it had coverage with NYSIF; (IV) awarding a late payment penalty against NYSIF; and (V) concluding NYSIF unreasonably defended this claim.

### Standard of Review

"The standard of appellate review of decisions of the Industrial Commission consists of a determination of whether the Full Commission's findings of fact are supported by competent evidence, and whether its conclusions of law are supported by those findings." *Harrison v. Tobacco Transp. Inc.*, 139 N.C. App. 561, 565, 533 S.E.2d 871, 874 (2000) (citation omitted). "[F]indings of fact which are left unchallenged by the parties on appeal are presumed to be supported by competent evidence and are, thus conclusively established on appeal. Only the Commission's conclusions of law are reviewed *de novo*." *Chaisson v. Red Simpson*, 195 N.C. App. 463, 470, 673 S.E.2d 149, 156 (2009) (citations, and quotations omitted).

*I*

**[1]** NYSIF argues that the Commission erred in concluding that NYSIF was subject to the jurisdiction of the Commission. NYSIF argues that it was established by statute to provide workers' compensation insurance within New York State. NYSIF contends that as a statutory creation and, thus, an agency of the State of New York, it is entitled to sovereign immunity in North Carolina courts. We hold that it is not.

"Under the doctrine of sovereign immunity, the State is immune from suit absent waiver of immunity." *Evans v. Hous. Auth.*, 359 N.C. 50, 53, 602 S.E.2d 668, 670 (2004) (citation and quotations omitted). We first consider whether NYSIF has waived its immunity.

NYSIF is the creation of New York Workers' Compensation Law, section 76. N.Y. Workers' Comp. Law § 76 (2011) ("There is hereby continued in the department of labor a fund known as 'the state insurance fund', for the purpose of insuring employers against liability for personal injuries or death sustained by their employees . . . if such liability is incident to an employment carried on in [New York State] . . . ."). "The Fund acts . . . as workmen's compensation insurer of the State of (and other employers) in the coverage of employees." *Commissioners of State Insurance Fund v. Low*, 3 N.Y.2d 590, 595, 148 N.E.2d 136, 138 (1958).

> [W]hile it is not a separate corporation and while it is an agency of the State in one sense, is nevertheless treated by the statutes as a separate insurance business . . . and that, especially in litigations, it is considered to be an entity separate from the State itself.

*Id.* (noting that pursuant to N.Y. Workers' Compensation Law § 82, the Fund is not represented by the State Attorney-General; it is treated "much like a private insurance company" required to be examined by the State Superintendent of Insurance, per § 99; the Fund is not subject to New York State's budgetary laws, per § 81; and per § 93, the Fund may bring suits for unpaid premiums in its own name); *see also, In the Matter of the Claim of Carney v. Newburgh Park Motors*, 84 A.D.2d 599, 444 N.Y.S.2d 220 (1981) (holding that where NYSIF contested its liability for workers' compensation benefits almost five years after accepting liability, NYSIF was operating as an entity separate from the State); *e.g., Alvarez v. Frederick Snare Corp.*, 50 A.D.2d 643, 374 N.Y.S.2d 438 (1975) (where a New York Corporation employee was killed working in Guatemala, the question of whether NYSIF should be held liable was "clearly a justiciable

issue before [the New York State court] . . . .").

The Commission found that plaintiff sustained compensable injuries while working for DenRoss, a New York State Corporation which contracted with NYSIF for workers' compensation liability coverage. DenRoss paid premiums to NYSIF to maintain workers' compensation insurance, and upon request, NYSIF provided a certificate of insurance to Kapstone as evidence that it provided workers' compensation liability coverage to DenRoss. We hold that NYSIF acted as an insurance company separate from the State of New York. And, in accordance with the interpretation of New York State statutes by the New York Court of Appeals, we affirm the Commission's conclusion that NYSIF waived its sovereign immunity from suit to determine whether it is liable for plaintiff's compensable injuries. *See Commissioners of State Insurance Fund*, 3 N.Y.2d at 595, 148 N.E.2d at 138.

## II

**[2]** NYSIF argues that the Commission erred in concluding that plaintiff's injury was subject to coverage by the insurance policy between NYSIF and DenRoss. Specifically, NYSIF contends that the insurance policy issued by NYSIF for DenRoss specifically excludes workers' compensation coverage for bodily injury occurring outside of New York State.

We acknowledge that the NYSIF Workers' Compensation and Employers' Liability Policy, made a part of the record on appeal, states under heading "Part two—Employers' Liability Insurance" subpart "C. Exclusions" that "[t]his insurance does not cover . . . 7. bodily injury occurring outside the state of New York" excepting where such .coverage is "afforded by endorsement to this policy[.]" But, we also note that the Commission did not conclude NYSIF was liable for plaintiff's injuries because of the terms of NYSIF's insurance policy. Rather, the Commission concluded that NYSIF was estopped from denying coverage of plaintiff's compensable injuries because its representations to DenRoss were sufficient for DenRoss to believe it had coverage from NYSIF for employees working outside of State.

We therefore address the merits of NYSIF's argument that it is not estopped from denying plaintiff's workers' compensation coverage in issue *III*.

*III*

**[3]** NYSIF argues that the Commission erred in concluding that NYSIF's actions were sufficient to induce DenRoss into believing NYSIF insured DenRoss employees working outside of New York State. NYSIF contends that (A) NYSIF's acceptance of premiums from DenRoss did not bind NYSIF beyond the terms of the workers' compensation policy and (B) DenRoss was not misled or induced to believe its out-of-state workers were covered by NYSIF. We affirm the Commission's conclusion.

In its 22 November 2011 opinion and award, the Commission concluded that "[b]ased upon a preponderance of the evidence . . . NYSIF is estopped from denying workers' compensation insurance coverage for Plaintiff's compensable injury by accident." (Citations omitted).

Our Supreme Court has held that "[t]he law of estoppel applies in compensation proceedings as in all other cases[,]" *Biddix v. Rex Mills, Inc.*, 237 N.C. 660, 665, 75 S.E.2d 777, 781 (1953), and "[t]hat liability for [workers'] compensation may be based on estoppel is well established." *Aldridge v. Foil Motor Co.*, 262 N.C. 248, 251, 136 S.E.2d 591, 594 (1964) (citation and quotations omitted).

" 'Estoppel' is not a single coherent doctrine, but a complex body of interrelated rules, including estoppel by record, estoppel by deed, collateral estoppel, equitable estoppel, promissory estoppel, and judicial estoppel." *Whitacre P'ship v. Biosignia, Inc.*, 358 N.C. 1, 13, 591 S.E.2d 870, 879 (2004) (citation omitted). Our Supreme Court has recognized a "branch of equitable estoppel known as 'quasi-estoppel' or 'estoppel by benefit.' " *Id.* at 18, 591 S.E.2d at 881 (citations omitted).

> Under a quasi-estoppel theory, a party who accepts a transaction or instrument and then accepts benefits under it may be estopped to take a later position inconsistent with the prior acceptance of that same transaction or instrument. . . . In comparison to equitable estoppel, quasi-estoppel is inherently flexible and cannot be reduced to any rigid formulation.

*Id.* at 18, 591 S.E.2d at 881-82 (citations omitted).

*A.*

NYSIF argues that its acceptance of DenRoss's insurance premiums failed to bind NYSIF in covering plaintiff, apart from the insurance contract. In support of its contention, NYSIF directs this Court's

SMITH v. DENROSS CONTR'G, U.S., INC.

[224 N.C. App. 479 (2012)]

attention to the deposition testimony of the NYSIF auditor who pre-pared DenRoss's annual audit. NYSIF argues that because the audit disclosed DenRoss was withholding New York State payroll taxes on behalf of its employees, NYSIF had no knowledge that DenRoss's employees were working outside of New York State and, thus, NYSIF cannot be estopped from asserting that plaintiff's compensable injuries, which occurred on a North Carolina jobsite, are excluded from liability coverage under NYSIF's workers' compensation policy. We disagree.

In presenting its argument, NYSIF has directed the attention of this Court to deposition testimony of the NYSIF auditor but, at least as to this argument, has failed to contest any of the Commission's findings of fact, save one: "The Full Commission finds that NYSIF's representations to Denross [sic] regarding its workers' compensation policy were sufficient for Denross [sic] to reasonably believe that it had coverage from NYSIF for employees working outside the state of New York."

"[F]indings of fact which are left unchallenged by the parties on appeal are presumed to be supported by competent evidence and are, thus conclusively established on appeal." *Chaisson*, 195 N.C. App. at 470, 673 S.E.2d at 156 (citations and quotations omitted). Therefore, we review the Commission's findings of fact and seek to determine whether those findings support a conclusion that NYSIF's conduct gives rise to the application of the doctrine of quasi-estoppel as it applies to the party to be estopped, NYSIF. We hold that it does.

> [T]he essential purpose of quasi-estoppel is to pre-vent a party from benefitting by taking two clearly inconsistent positions. . . . [Q]uasi-estoppel requires mutuality of parties; the doctrine may not be asserted by or against a "stranger" to the transaction that gave rise to the estoppel. . . . [Q]uasi-estoppel does not require detrimental reliance per se by anyone. Instead, quasi-estoppel is directly grounded . . . upon a party's acquiescence or acceptance of payment or benefits, by virtue of which that party is thereafter prevented from maintaining a position inconsistent with those acts.

*Whitacre P'ship*, 358 N.C. at 18-19, 591 S.E.2d at 882 (citations and quotations omitted); *see also*, *Brooks v. Hackney*, 329 N.C. 166, 404 S.E.2d 854 (1991) (holding that the plaintiff was estopped to deny the validity of the agreement to sell real property, despite a conclusion

that the property description was indefinite, where the plaintiff paid property taxes and made the agreed upon payments for nearly eight years); *Godley v. County of Pitt*, 306 N.C. 357, 293 S.E.2d 167 (1982) (holding the defendant county and its insurance carrier were estopped from denying workers' compensation coverage to an injured plaintiff where the county and its insurance carrier respectively paid and received the compensation premiums for the plaintiff despite an unresolved dispute as to whether the plaintiff was working for the county or the town at the time of his injury).

In summary, the Commission found that DenRoss and NYSIF began their current contract for workers' compensation liability insurance coverage in 2004 and that NYSIF automatically renewed DenRoss's coverage "after the audit and the premium payments were received"; that NYSIF audited DenRoss annually and, pertinently, performed an audit for the "Denross/Kapstone" project; that NYSIF was aware that DenRoss's only employees in New York State were clerical staff and DenRoss worked throughout the United States; and that NYSIF accepted payment of DenRoss's insurance premiums calculated to cover DenRoss employees hired to work on the Kapstone project.

The Commission also made the following unchallenged findings of fact:

> 28.   [An NYSIF] [u]nderwriter . . . wrote on one of Denross' NYSIF Quote Calculation forms, "Broker-Bonnie assured has only clerical in New York. I did advise if there were any subs or Canadian employees working in the US, they will be picked up. They have not had any contracts in New York for quite sometime."

To hold that NYSIF can now deny plaintiff workers' compensation liability insurance coverage after accepting payment of premiums calculated to provide him with insurance while he worked on the Kapstone project would violate the principles of equity. Therefore, we overrule NYSIF's argument that its acceptance of DenRoss's insurance premiums failed to bind NYSIF in covering plaintiff apart from the insurance contract.

### B.

Next, NYSIF argues that DenRoss was not misled or induced to believe its out-of-state workers were covered by NYSIF's insurance policy.

We note that "quasi-estoppel does not require detrimental reliance *per se* by anyone. Instead, quasi-estoppel is directly grounded . . . upon a party's acquiescence or acceptance of payment or benefits, by virtue of which that party is thereafter prevented from maintaining a position inconsistent with those acts." *Whitacre P'ship*, 358 N.C. at 19, 591 S.E.2d at 882 (citations and quotations omitted). Accordingly, we need not consider whether DenRoss was misled or induced to believe its out-of-state workers were covered by NYSIF's insurance policy.

Because the Commission's findings of fact support the imposition of the equitable remedy quasi-estoppel, we uphold the Commission's conclusion that "NYSIF is estopped from denying workers' compensation insurance coverage for Plaintiff's compensable injury by accident." Accordingly, NYSIF's argument is overruled.

*IV*

**[4]** Next, NYSIF argues that the Commission erred in awarding a late payment penalty pursuant to N.C. Gen. Stat. § 97-18(j). We agree.

Pursuant to North Carolina General Statutes, section 97-18(j), entitled "Prompt payment of compensation required; installments; payment without prejudice; notice to Commission; penalties,"

> [w]hen an employee files a claim for compensation with the Commission, the Commission may order reasonable sanctions against an employer or insurer which does not, *within 30 days following notice from the Commission of the filing of a claim*, or within such reasonable additional time as the Commission may allow, do one of the following:
>
> . . .
>
> (2) Notify the Commission and the employee that it denies the employee's right to compensation
> . . . .
>
> (3) Initiate payments without prejudice and without liability . . . .

N.C. Gen. Stat. § 97-18(j) (2011) (emphasis added).

The Commission found that plaintiff filed a Form 18, notice of accident to employer and claim of employee, on 7 October 2009. The

record indicates that a denial of plaintiff's workers' compensation claim was filed with the Commission on 11 December 2009.

NYSIF notes that the record on appeal evidences the first notice from the *Commission* to any defendant (in this case DenRoss) indicating a claim of injury had been filed was dated 14 November 2009, within thirty days of 11 December 2009. We see nothing in the record to indicate a notice from the Commission to any defendant prior to 14 November 2009. Therefore, it appears that NYSIF responded to the notice of the claim of a compensable injury within thirty days of notice from the Commission, thus complying with the requirements of N.C.G.S. § 97-18(j). Accordingly, we reverse the Commission's award of sanctions for late payment pursuant to N.C.G.S. § 97-18(j).

V

**[5]** Lastly, NYSIF argues that the Commission erred in concluding that NYSIF unreasonably defended this claim and awarded attorney's fees pursuant to N.C. Gen. Stat. § 97-88.1. We agree.

Pursuant to General Statutes, section 97-88.1, "[i]f the Industrial Commission shall determine that any hearing has been brought, prosecuted, or defended without reasonable ground, it may assess the whole cost of the proceedings including reasonable fees for defendant's attorney or plaintiff's attorney upon the party who has brought or defended them." N.C. Gen. Stat. § 97-88.1 (2011). "The purpose of this section is to prevent stubborn, unfounded litigiousness, which is inharmonious with the primary purpose of the Workers Compensation Act to provide compensation to injured employees." *Chaisson*, 195 N.C. App. at 484, 673 S.E.2d at 164 (citation omitted). "The reviewing court must look to the evidence introduced at the hearing in order to determine whether a hearing has been defended without reasonable ground. The test is not whether the defense prevails, but whether it is based in reason rather than in stubborn, unfounded litigiousness." *Id.* (citations and quotations omitted).

At the hearing before the Commission, NYSIF introduced evidence and the Commission found that the New York State Insurance Fund Workers' Compensation and Employers' Liability Policy specifically excepted from liability coverage "bodily injury occurring outside the state of New York." Further, the certificate of insurance, provided by NYSIF to Kapstone stated, that the insurance policy applied "with respect to all operations in the state of New York . . . ."

Given the extraterritorial exclusion provisions of NYSIF's New York Insurance Fund Workers' Compensation and Employers' Liability Policy, we cannot say that NYSIF's denial of plaintiff's claim was unreasonable. This is further supported by the fact that we affirm the Commission's award of coverage based on principles of estoppel after determining the nonexistence of coverage under the policy. Accordingly, we reverse the Commission's award pursuant to G.S. § 97-88.1.

Affirmed in part; reversed and remanded in part.

Judges STEPHENS and THIGPEN concur.